BROWNING'S EX'R

*v.*

BROWNING.

(*Supreme Court of Appeals of Virginia, July 5, 1900.*)

[36 S. E. Rep. 525.]

**Appeal and Error—Unsatisfactory Record—Commissioner's Report—
Decree—Substantial Justice.**

Where a record on appeal is unsatisfactory, and the evidence not
clearly stated, a decree which was based on the report of a commis-
sioner who had the witnesses before him and knew the particular
items to which their evidence was directed, and which appears to
do substantial justice, will be affirmed, though the conclusions reached
are not absolutely accurate.

On rehearing. Affirmed.

For former opinion, see 36 S. E. 108.

HARRISON, J., delivered the opinion of the court.

This case is before us upon a petition to rehear a decree of
this court rendered at a former term.

The controversy grows out of a brief and unhappy mar-
riage existing between appellant's testatrix and the appellee,
which ended with this suit by the wife, praying for a divorce
a mensa et thoro, and for protection in the possession and
enjoyment of her separate estate, consisting of real and per-
sonal property owned by her at the time of her marriage. The
defendant answered the bill, and the cause was referred to a
commissioner for a report upon the matters of dispute between
the parties.

It seems that at the time of the marriage Mrs. Browning was the owner of valuable real estate, choses in action, and a small amount of personal property. Her real estate was all under lease, and she owned no live stock, except a pair of carriage horses, a riding horse, and a pony ; nor did she own any corn, wheat, or hay. It further appears that immediately after the marriage Mrs. Browning went to the home of her husband, where she remained with his family, consisting of himself and a number of children, for several months, when, as claimed by appellee, she induced him to move with his family to her home, upon the promise that he should have the use of her lands after the lease thereon had expired, and that the profits arising therefrom, both as to crops and stock, should belong to him. Appellee further claims that, acting upon this promise, he broke up his own home and moved with his family to the home of his wife. It appears that appellee took with him to his wife's home a large amount of live stock, to which he subsequently added, by purchase, a still larger number. It further appears that appellee put out and cultivated large crops upon his wife's lands during the year, and that he hauled more than 1,200 bushels of corn from his own place to the home of his wife to feed the stock there, and took a large number of cattle from his wife's land to his own home, and fed and wintered them upon his own grain and roughness. This stock, the cost of feeding the same, the crops, and many other items not necessary to enumerate, constitute the subject of the present controversy. By a decree entered in July, 1891, Mrs. Browning was allowed to retain possession of all the disputed property, to save the expense of a receiver, upon entering into bond, with good security, in the penalty of $20,000, conditioned to pay her husband all damages resulting from an injunction restraining him from all control over said property. Mrs. Browning died pending the litigation, and the property in question passed into the hands of her executor; and has since been sold by him.

The commissioner to whom the cause was referred says,

"there is a good deal of proof tending to show that M. J. Browning had turned over to her husband, A. P. Browning, her farms, to make out of them all he could for himself individually and his family, and this idea is borne out in the evidence." Notwithstanding this view of the evidence, the commissioner declines to allow appellee anything on account of the profits arising from his wife's lands, and disallows many other items, reducing appellee's claim, amounting to more than $4,000, to an indebtedness in his favor against the estate of Mrs. Browning of $1,794.94. The circuit court modified this report, and entered a decree in favor of appellee for $1,861.33.

The record in this case is very unsatisfactory, and in many particulars difficult to comprehend. The evidence of the witnesses is not clear or succinctly stated. After, however, giving the case the best consideration possible, we are unable to say that any injustice has been done the appellant by the decree appealed from. Appellee, with quite as much reason, apparently, as appellant, complains that he is greatly damaged by the action of the circuit court. The commissioner had all of the witnesses before him. He knew at the time they were testifying to what particular item of property the evidence of each was directed, and was therefore in an advantageous position to determine better the value of the evidence. Under such circumstances, special weight should be accorded the commissioner's findings.

While not satisfied that the conclusions reached are absolutely accurate, we think the circuit court has, as nearly as the case presented will admit, reached substantial justice between the parties to this controversy, and its decree is therefore affirmed.