## BREWER *v.* GROGAN.

LITTLE, J.  1. While the consideration of a promissory note, expressed in the words " for value received," is always open to inquiry, it is not competent by parol evidence to change the character of such an instrument in so far as it expresses a promise to pay.

2. Where in defense to an action upon a promissory note the defendant sets up, by way of set-off (though denominating his defense a plea of payment), open accounts against the plaintiff, which are on their face barred by the statute of limitations, it is erroneous to overrule a demurrer to such a defense, presenting the point that the same shows on its face that the defendant's alleged cross-action is barred.

*Judgment reversed.    All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided July 24, 1902.

Complaint.  Before Judge Proffitt.  City court of Elberton.  October 9, 1901.

Suit was brought, April 19, 1901, on a promissory note under seal, " for value received," for $167.44 principal, due June 4, 1884. The defendant pleaded :. The note was never intended to be any evidence of a debt, but was given as a memorandum of the value of a quantity of lumber which defendant had taken from a sawmill

business operated jointly by plaintiffs and defendant; and this note was to be taken in the final settlement of said business as so much of the defendant's half of the sawmill output. Subsequently the business was closed, and it appeared that defendant, after taking off the amount of lumber represented by the note, was due other lumber amounting to $37, which is now due. By amendment defendant pleaded that he had fully paid off the note, by reason of the following transactions: In January, 1884, defendant and plaintiff agreed that plaintiff should locate his sawmill on defendant's land, and defendant would furnish stocks laid down at the mill, and plaintiff would do the sawing and divide equally the sawmill output with defendant. He laid down stocks that plaintiff sawed into lumber, which, at the price agreed upon between them, amounted to $715.80, one half of which belonged to defendant. He received from the sawmill lumber that at said price amounted to $181.75. Out of this he sold to L. M. Dadisman $13.13 worth, which was paid to plaintiff by Dadisman; and defendant advanced to plaintiff's hands bacon worth $1.18. These two amounts being taken off left defendant's lumber account $167.44, which was represented in liquidation by the note sued on. Mrs. Elizabeth Dye paid plaintiff $8.59, which should have been a further credit on the amount of lumber received by defendant, reducing it to $158.85, because Mrs. Dye received her lumber from the portion set aside to defendant and included in the total of $181.75. Plaintiff never paid defendant anything in settlement of his half interest in the sawmill business, except said $158.85 in lumber, and the sum of $105.49 paid to Allen and Starke, two hands engaged by defendant to deliver the stock at the sawmill, leaving a balance of $93.56 due defendant, for which, with interest from January 1, 1885, he prays judgment.

The plaintiff demurred to the pleas, on the ground, among others, that the payments therein set up were barred by limitation. The demurrer was overruled, and the plaintiff excepted. Evidence was introduced, and there was a finding in the defendant's favor. The plaintiff's motion for a new trial was overruled, and to this ruling also he excepted. This motion alleged, among other grounds, that the court erred in admitting, over objection that it was not competent to vary the contract by parol, the following testimony of defendant: The plaintiff asked me to sign the note for the amount of

lumber I had got from the sawmill on account of my half interest. I did not like to do this, but he insisted on it; so I signed the note. It appeared that I had received so much lumber from the mill, and to keep matters straight until I could return, when we were to have a final settlement, I gave plaintiff this note. The consideration of the note was lumber.

*Z. B. Rogers* and *J. N. Worley*, for plaintiff.

*George C. Grogan*, for defendant.