## 3988. SASSER, assignee, *v.* McGOVERN.

An unconditional promissory note can not be defeated by proof of an oral contemporaneous agreement that the promisee would never attempt to enforce the promise.

DECIDED APRIL 16, 1912.

Certiorari; from city court of Douglas—Judge Buie presiding. December 20, 1911.

*J. J. Bull & Son, F. W. Dart,* for plaintiff.

*Rogers & Heath, Quincey & McDonald,* for defendant.

POTTLE, J. The suit was upon an unconditional promissory note under seal. The defendant pleaded that the note was without consideration. From his testimony it appears that the note was given for a share of stock in the bank to which the note was payable, and was in renewal of one previously given for the same purpose. At the time the original note was given there was an oral agreement and understanding between the defendant and the cashier of the bank, to the effect that the defendant would never be called on to pay the note. The cashier stated to the defendant that the bank wanted his influence and the use of his name, and desired the note for the purpose of borrowing money on it and making a proper showing when the bank examiner came around. The defendant never agreed to take the stock, never got it, and did not understand that any stock was to be delivered to him. The bank was to hold the stock, which was never in fact delivered to the defendant or called for by him. The agreement was that the defendant was never to pay anything on the note. It is undisputed that a certificate for one share of stock in the bank was issued to the defendant and retained by the bank for him.

Counsel seek to uphold the verdict in the defendant's favor upon the authority of *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865 (64 S. E. 105). That decision sustains the contention that want of consideration is a good defense to a promissory note, even though it be under seal, but it does not support the proposition that an unconditional promise in writing to pay may be defeated by proof of an oral contemporaneous agreement that the promisee would never attempt to enforce the promise. Reduced to its last analysis, the effort of the defendant in this case is to defeat a plain, unconditional promise to pay, by proof of an oral contemporaneous agreement to the effect that he had really never made any promise

to pay. If at the time the note was executed the bank had entered into a written stipulation agreeing not to sue the defendant upon the note, and in effect releasing him from liability thereon, such an agreement would have been valid and binding. *Martin* v. *Monroe,* 107 *Ga.* 330 (33 S. E. 62). But we know of no principle, nor has any decision been called to our attention, which supports the proposition that a written promise may be defeated by proof of an oral agreement not to enforce it. The decisions are directly to the contrary. See *Mansfield* v. *Barber,* 59 *Ga.* 851; *Johnson* v. *Cobb,* 100 *Ga.* 139 (28 S. E. 72). It is plain from the defendant's own testimony that the note was originally given for a share of stock in the bank, and it is undisputed that a certificate of stock was issued to the defendant and retained by the bank for him. While it does not directly appear from the evidence, it is inferential that the stock was being held by the bank to be delivered to the defendant when his note should be paid. To permit the defense set up by the defendant in this case would be to violate plain, elementary principles of law. A verdict in the plaintiff's favor was demanded by the evidence, and it is unnecessary to notice the special assignments of error in the motion for a new trial.

*Judgment reversed.*