### 4987. MATTHEWS & SON *v.* RICHARDS.

1. An indorsement of a promissory note in blank can not by parol evidence be shown to have been intended by the parties as an indorsement without recourse.
2. Mere indulgence or extension of time of payment of a promissory note, granted to the maker, without consideration, does not operate to discharge a surety or an indorser on the note.
3. If a new note be accepted by the payee or indorsee, in renewal and satisfaction of a note previously given, without the consent of a surety thereon, this would amount to a novation of the original undertaking, and the surety would be discharged.
4. Where, to a suit on a promissory note against an indorser, he files such a defense as that referred to in the last preceding headnote, it is not competent, without laying the proper foundation, for a witness to testify that a second note was given in renewal of the note sued on. Such testimony amounts to an inquiry into the contents of a writing, in violation of the rule requiring the best evidence to be produced.

DECIDED SEPTEMBER 9, 1913.

Complaint; from city court of Cartersville—Judge Foute.  May 3, 1913.

*William T. Townsend,* for plaintiffs.

*James B. Whitaker,* for defendant.

POTTLE, J.  The action was upon a promissory note executed by Davis Jenkins to the defendant and indorsed in blank by the defendant and delivered to the plaintiffs.  The defendant pleaded, that he sold the note to the plaintiffs at a discount, with the understanding that they would look to the maker alone for payment; that on maturity of the note the plaintiffs failed to collect the amount from Jenkins, although instructed so to do by the defendant, but, on the contrary, extended the time of payment for Jenkins, without the knowledge or consent of the defendant.  By amendment the defendant pleaded that when the note matured the plaintiffs accepted in renewal thereof the individual note of Jenkins, without the knowledge or consent of the. defendant.  The trial resulted in a verdict in favor of the defendant; the plaintiffs' motion for a new trial was overruled, and they excepted.

1.  There was no demurrer to any of the defendant's pleas.  The indorsement of the defendant was in blank.  It therefore imported that the indorser would pay if the maker failed to do so.  Civil Code, § 4279.  It was not competent for the defendant to show by parol evidence that notwithstanding this apparently unconditional promise to pay in the event the maker did *not,* the real agreement between the parties was that the indorsee would not look to the indorser for payment.  In other words, the defendant sought to show by parol that the unconditional indorsement was in fact intended by the parties as an indorsement without recourse.  He could no more do this than the maker of the note could show by parol that the promisee agreed never to collect it.  *Sasser* v. *McGovern,* 11 *Ga. App.* 88 (74 S. E. 797); *Stapleton* v. *Monroe,* 111 *Ga.* 848 (36 S. E. 525); *Brewer* v. *Grogan,* 116 *Ga.* 60 (42 S. E. 525).  Parol evidence is not admissible in an action on a note by a bona fide holder against the maker, indorser, or surety, of any declaration or agreement which is inconsistent with the promise to pay the instrument.  Hence, an agreement between indorser and indorsee that the words "without recourse" shall be written over the signature of the former will be no defense to an action by one who

is indorsee of the paper for value and without notice. Nor would the fact that the indorsee had knowledge of such an agreement be a defense to the action. Joyce on Defenses to Commercial Paper, § 342.

2. Mere indulgence to the maker of a promissory note, or an extension of the time of payment, without any new consideration, will not discharge a surety or indorser, even though done without his knowledge or consent. If, however, payment be extended to a definite time and upon a new consideration, the surety or indorsee would be discharged, if it be done without his consent. *Tanner* v. *Gude,* 100 *Ga.* 157 (27 S. E. 938) ; *Preston* v. *Garrard,* 120 *Ga.* 689 (48 S. E. 118, 102 Am. St. R. 118) ; Joyce on Defenses to Commercial Paper, § 680. Since the defendant did not aver in his plea that there was a consideration for the extension of time granted by the plaintiffs to the maker of the note, the original plea set forth no defense and should have been disregarded on the trial.

3. The amendment to the defendant's answer did set forth a defense. It was therein averred that the plaintiffs, without the knowledge or consent of the defendant indorser, accepted, in renewal of the note indorsed by the defendant, a new note of the maker. If true, this amounted to a novation of the original contract and operated to release the indorser. *Smith* v. *First National Bank of Fitzgerald,* 5 *Ga. App.* 139 (62 S. E. 826) ; Joyce on Defenses to Commercial Paper, § 688.

4. On the trial the maker testified that when the note sued on matured, he and the plaintiffs made a new note, payable to a bank, which he understood was in renewal of the note sued on, but that he did not take up the old note. One of the plaintiffs testified that the note given to the bank was not in renewal or settlement of the note sued on; that the note sued on had been indorsed to the bank by the plaintiffs, and when the bank insisted on payment, the new note was given by the plaintiffs and Jenkins, and the note sued on was left with the bank as collateral. He further testified that the note sued on was never renewed, that the time of payment was never extended, and that the new note was made payable to the bank. To the testimony of Jenkins that the new note was in renewal of the note sued on the plaintiffs objected, on the ground that the renewal note was the highest and best evidence.

It is an easy matter to state generally that where the contents

of a written instrument become material in a legal investigation, the writing must be produced, or the foundation laid for the introduction of secondary evidence. Civil Code, § 6828. The difficulty lies in the application of this general rule of evidence to the facts of the particular case. See 1 Greenleaf on Evidence (16th ed.), § 563(o). The wisdom of the rule is illustrated in the present case. If the plaintiffs gave their note to the bank in settlement of the note sued on, which had been discounted at the bank, it could not be a renewal of the original obligation, even though Jenkins, the maker, who was liable on·the first note, signed the second note also, and would not be a satisfaction of the first note unless there was an agreement between the plaintiffs and Jenkins that it would be so accepted. On the other hand, if Jenkins executed his note to the plaintiffs it might or might not have been accepted by the plaintiffs as a renewal of the first note, and therefore as a satisfaction thereof. Upon this question the new note was very material. It might show upon its face that it was not a renewal of the original obligation. If it did not, then it became material whether it was intended as a novation of the original note and was so accepted by the plaintiffs. ˙ It was not competent for the witness to testify generally that the new note was given in renewal of the note sued on, unless the alleged renewal note was produced for the inspection of the court and jury. The contents of the note consisted of the signatures of the makers and the indorsers, the date, the amount, the date of maturity, and all other stipulations therein contained. To allow a witness to testify as to any portion of the contents of the writing would be a violation of the rule against the introduction of secondary evidence. When the witness testified that the new note was given in renewal, he necessarily intended to convey the impression that the new note was executed by Jenkins and accepted by the plaintiffs in renewal of the note sued on, and such testimony necessarily involved an inquiry into some of the contents of the written instrument. No foundation having been laid for the introduction of the secondary evidence, it was inadmissible, and the court erred in overruling the objections thereto.

*Judgment reversed.*