41551. GREENBERG v. J. C. BRADFORD & COMPANY.

ARGUED OCTOBER 4, 1965—DECIDED NOVEMBER 10, 1965— REHEARING DENIED NOVEMBER 29, 1965.

G. *Hughel Harrison,* for plaintiff in error.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas C. Shelton, G. Kimbrough Taylor, Jr.,* contra.

FELTON, Chief Judge. ■ The petition was subject to a general demurrer for the reason that it was not alleged in the petition that Thomas H. Stafford signed in the capacity as agent for the plaintiff and that he was authorized to so sign and so act. While this question was not raised by the parties in the argument before this court, the question is in the case and cannot be disregarded on the ground that parties did not argue it. However, upon the trial of the case the evidence demanded the finding that Mr. Stafford signed the contract as agent of the plaintiff and that Mrs. Mollie G. Greenberg knew that he so acted; that she accepted the benefits of the contract resulting from the performance by the plaintiff of its obligations under the contract and would be now estopped to contend that Mr. Stafford was acting in his individual capacity. The evidence also shows that the contract could not have been performed by Mr. Stafford as an individual in such a capacity. Thus, it appears that the overruling of the general demurrer was harmless and the case should not be reversed because of the error of the judge in overruling the general demurrer on the ground above discussed. See *Raleigh & Gaston R. Co. v. Pullman Co.,* 122 Ga. 700, 709 (50 SE 1008). This contract is not under seal. For the rule respecting proof of agency by parol in cases of unsealed contracts, see, *Merchants Bank of Macon v. Central*

*Bank of Ga.,* 1 Ga. 418, 429; *Hanks Foundry Co. v. Woodstock Iron Works,* 127 Ga. 108 (56 SE 106); *Dorsey v. Rankin,* 43 Ga. App. 12 (157 SE 876); *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.,* 3 Ga. App. 212 (59 SE 713).

■ It is contended by Mrs. Greenberg that there was no consideration for her execution of the contract above set out. The argument is that Mrs. Greenberg assumed an obligation of her friend, Mrs. Toby Margolis. Whether or not there is other consideration, there is consideration flowing to Mrs. Greenberg in that the contract provided that J. B. Bradford & Company agreed not to sell any stocks of Mrs. Margolis or Mrs. Greenberg within 60 days from November 22, 1957, the date of the contract. J. C. Bradford & Company had a right to sell Mrs. Greenberg's stock immediately upon her failure to properly margin her account, which the company forebore to do in consideration of the promises of Mrs. Greenberg in the contract. *Tatum v. Morgan,* 108 Ga. 336 (33 SE 940). As to this point the demurrers were properly overruled.

■ The evidence authorized the judgment of the court.

The judgment of the court overruling the general and special demurrers is affirmed.

The court did not err in overruling the motion for a new trial.

*Judgments affirmed. Jordan and Deen, JJ., concur.*