44204. MASON v. BLAYTON.

Submitted January 9, 1969—Decided January 29, 1969— Rehearing denied February 14, 1969.

*Richard D. Flexner, Haas, Holland, Freeman, Levison & Gibert,* for appellant.

*W. M. Mathews, Jr.,* for appellee.

EBERHARDT, Judge. We reverse. A check executed and delivered is a contract in writing by which the drawer contracts with the payee that the bank will pay to the latter or his order the amount designated, on presentation. *Haynes v. Wesley,* 112 Ga. 668 (2) (37 SE 990, 81 ASR 72). *Code Ann.* § 109A-3—104. "[T]here is little difference between a check and a demand note. Both are acknowledgments of indebtedness and an unconditional promise to pay." Diemar & Kirk Co. v. Smart Styles, Inc., 261 N. C. 156, 159 (134 SE2d 134). It imports a consideration. Deal v. Atlantic C. L. R. Co., 225 Ala. 533, 538 (144 S 81, 86 ALR 455). "It is elemental that a check is a written contract to be performed at the place where is located the banking house or place of business of the person on whom it is drawn." Permenter v. Bank of Green Cove Springs, (Fla.) 136 S2d 377, 380. "The drawer of a check has the right, at any time prior to acceptance by the bank, to stop its payment. [Citations.] However, his revocation of the bank's authority to pay the check does not discharge his liability to the payee or holder. 10 CJS 455, 456, Bills & Notes, § 35. The situation becomes the same as if the check had been dishonored and notice thereof given to the drawer. Flynn v. Currie, 130 Me. 461 (157 A 310). Annot. 14 ALR 562." Diemar & Kirk Co. v. Smart Styles, Inc., 261 N. C. 156, 159, supra.

Defendant's contention that there was no contract in writing, as required by the Statute of Frauds, to bind him to answer for the debt of Joe Jones Trucking Company is without merit. His check was sufficient.

The defendant, admitting the execution and delivery of the

check, asserted in his answer that it was "without consideration moving from plaintiff to defendant." It is not necessary that the consideration move from the payee to the drawer of a check. It is sufficient if there is some benefit or inconvenience to the creditor or payee. *Nalley Land & Invest. Co. v. Merchants & Planters Bank,* 187 Ga. 142, 145 (199 SE 815). "If there be a valid consideration for the promise, it matters not from whom it moves; the promisee may sustain his action, though a stranger to the consideration." *Code* § 20-306. It matters not from whom the consideration flows (*Archer v. Kelley,* 194 Ga. 117, 125 (21 SE2d 51)), or that it may flow to some third party. *Read v. Gould,* 139 Ga. 499 (4a) (77 SE 642).

Forbearance to sue on an obligation that is due is a valid consideration sufficient to support a contract. *Holsomback v. Caldwell,* 218 Ga. 393, 395 (128 SE2d 47); *Langford v. Milwaukee Ins. Co.,* 101 Ga. App. 92, 95 (113 SE2d 165); *Greenberg v. J. C. Bradford & Co.,* 112 Ga. App. 746 (146 SE2d 119). The agreement to forbear must be for a specific period of time (*Ballentine Motors of Ga. v. Nimmons,* 93 Ga. App. 708 (92 SE2d 714)), but the agreement here to forbear until November 6, 1967, supplied this requisite. Even one day has been held sufficient. Adolph Ramish, Inc. v. Woodruff, 2 Cal. 2d 190 (40 P2d 509, 96 ALR 1146).

In his counter-affidavit the defendant concedes that on November 4, 1967, the sum of $3,000 in rentals was past due by Joe Jones Trucking Company and that he issued and delivered his check to the plaintiff in that amount, which was to be held until November 6, 1967, at which time it was expected that Joe Jones Trucking Company would have accumulated sufficient funds to pay that sum and that it would then do so. Thus, there is an admission of forbearance during the time from November 4 to November 6, when plaintiff presented the check to the bank on which it was drawn, only to find that payment had been stopped thereon.

This admission is sufficient to negate the plea of failure of consideration.

Defendant also asserted that the check was delivered upon a condition that if Joe Jones Trucking Company *did not* pay the

past due rentals on or before November 6, 1967, payment was to be stopped on the check and it would become ineffectual. This was an effort on his part by pleading to engraft by parol a condition upon an unconditional contract to pay, which cannot be done. *Lee v. Garland,* 208 Ga. 251 (66 SE2d 223). And see *Stapleton v. Monroe,* 111 Ga. 848 (36 SE 428); *Brewer v. Grogan,* 116 Ga. 60 (42 SE 525). "The plea, if sustained, would alter and vary the terms of this written contract, so as to make its payment uncertain and dependent on the election of the maker at its maturity. Such could not be done, and parol evidence of such contract would not be admitted so to vary its terms." *Johnson v. Cobb,* 100 Ga. 139, 141 (28 SE 72). One who occupies the status of a surety cannot set up (or prove) a contemporaneous agreement to the effect that he was to remain surety for a few days only, when that condition does not appear as a part of the written contract. *Mansfield v. Barber,* 59 Ga. 851.

Nor can it be done by testimony or affidavit. *Bullard v. Brewer,* 118 Ga. 918 (45 SE 711). "[W]e know of no principle, nor has any decision been called to our attention, which supports the proposition that a written promise may be defeated by proof of an oral agreement not to enforce it. The decisions are directly to the contrary." *Sasser v. McGovern,* 11 Ga. App. 88, 89 (74 SE 797). "It was not competent for the defendant to show by parol evidence that notwithstanding this apparently unconditional promise to pay in the event the maker did not, the real agreement between the parties was that the indorsee would not look to the indorser for payment." *Matthews & Son v. Richards,* 13 Ga. App. 412, 413 (79 SE 227). Consequently, this will not prevent the grant of a summary judgment where the pleading of the plaintiff and the uncontradicted admissible evidence submitted authorizes it. *Camp v. Fulton County Medical Society,* 219 Ga. 602 (1) (135 SE2d 277). The effort of the defendant to establish that although he obtained a forbearance from the plaintiff by the giving of his check for the amount of the past due rentals owing by Joe Jones Trucking Company, it was upon condition that, if Joe Jones did not pay, the defendant's check would not be honored, is impermissible and must fail.

The function of a summary judgment being analogous to that of a motion for a directed verdict (*McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (1) (129 SE2d 408)), it appears that under the pleadings and the admissible evidence submitted plaintiff was entitled to have his motion granted. Cf. *Gould v. Small*, 121 Ga. 747 (49 SE 723).

*Judgment reversed. Bell, P. J., and Deen, J., concur.*