44392. KNIGHT v. WILLIAM SUMMERLIN COMPANY.

ARGUED APRIL 9, 1969—DECIDED APRIL 24, 1969.

*Allen & Edenfield, Francis W. Allen, Jim Franklin,* for appellant.

*Neville & Neville, William J. Neville, G. Leonard Liggin,* for appellee.

EBERHARDT, Judge. By his written acceptance of the letter Knight assumed an unconditional obligation to pay a definite sum of money at definite times. He may not engraft upon it a provision converting the unconditional contract to pay into a conditional obligation by pleading a contemporaneous oral agreement to that effect. *Lee v. Garland,* 208 Ga. 251 (66 SE2d 223); *Johnson v. Cobb,* 100 Ga. 139, 141 (28 SE 72); *Mansfield v. Barber,* 59 Ga. 851; *Mason v. Blayton,* 119 Ga. App. 203 (166 SE2d 601). Nor could the alleged contemporaneous oral agreement be proven. *Bullard v. Brewer,* 118 Ga. 918 (45 SE 711); *Brewer v. Grogan,* 116 Ga. 60 (42 SE 525); *Stapleton v. Monroe,* 111 Ga. 848 (36 SE 428); *Sasser v. McGovern,* 11 Ga. App. 88, 89 (74 SE 797); *Matthews & Sons v. Richards,* 13 Ga. App. 412, 413 (79 SE 227); *Tennille Banking Co. v. Ward,* 29 Ga. App. 660 (2) (116 SE 347).

*Aliter* if the contemporaneous agreement had been in writing. *Martin v. Monroe,* 107 Ga. 330 (3) (33 SE 62); *Arnold v. Johnston,* 84 Ga. App. 138 (65 SE2d 707); *Jones v. Darling,* 94 Ga. App. 641 (95 SE2d 709).

What we hold here is in no wise conflicting with *Langenback v. Mays,* 205 Ga. 706 (54 SE2d 401, 11 ALR2d 1221), for here the agreement which defendant pleads is in direct conflict with the terms of the written contract. It seeks to make conditional and uncertain that which is unconditional and certain. There could hardly be a more direct conflict in the terms. In *Langenback* the agreement not to engage in a competitive tourist business was, as the Supreme Court held, not in conflict with or contrary to the provisions of the deed by which the seller had conveyed a tourist court to the purchaser.

The defense which defendant set up by his answer was impermissible and the sustaining of plaintiff's motion to strike was was proper. *Code Ann.* § 81A-112 (f).

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*