## 27030. LEACHMAN v. PATTERSON et al.

ALMAND, Chief Justice. This appeal is from the denial of appellant's motion for a summary judgment in a dispute over the boundary line between two adjacent tracts of land.

The facts are essentially as follows: On February 18, 1959, Donahoo, by separate warranty deeds, conveyed to Fowler two adjacent tracts of land, hereinafter referred to as Tract A and Tract B. On the same day, Fowler executed to Donahoo a security deed reconveying Tract B. On September 22, 1960, Fowler conveyed his remaining interest in Tract B to Donahoo by quitclaim deed, leaving Fowler as the sole owner of Tract A and Donahoo as the sole owner of Tract B. On October 3, 1960, Fowler conveyed

Tract A to appellant's predecessor in title, and on October 4, 1960, Donahoo conveyed Tract B to appellee. Some seven years later, on August 5, 1967, Donahoo executed a second warranty deed conveying Tract B to appellee and purporting to correct the description in the earlier deed.

Appellant filed his complaint in which he alleged that Tract B, as described in both deeds from Donahoo to appellee, overlapped Tract A; and that appellee claimed title to the overlapped area, although she had no right, interest or title to it. Appellant prayed that the court declare that appellant alone had title to the overlapped area.

Appellee filed her answer in which she denied the essential elements of the complaint and asserted that she had received from Donahoo all of Tract B, including the overlapped area, and that Donahoo had received the same from Fowler as the common grantor of both Tract A and Tract B. Appellee further asserted that she was entitled to the overlapped area by reason of adverse possession under color of title for more than seven years.

When the case came on for trial, appellant moved for a summary judgment on the ground that the pleadings and a deposition of appellee showed no genuine issue of material fact, and that appellant was entitled to judgment as a matter of law. The motion was denied, and the trial court certified the ruling for immediate review. This appeal is from that order.

The only issue before us is whether a jury question exists. We are of the opinion that it does with respect to the true boundary line, and accordingly we do not reach the matter of adverse possession.

After carefully reviewing the pleadings and the deposition, we are unable to determine where the correct boundary line lies or which party has the better claim to the overlapped area. The last common grantor of both tracts of land was Fowler, and the key to this puzzle lies in deter-

mining the extent of his reconveyance of Tract B to Donahoo by security deed and quitclaim deed. Both were executed and recorded prior to the conveyance of Tract A from Fowler to appellant's predecessor in title. It follows that Fowler could convey to appellant's predecessor only what remained after his conveyance of Tract B to Donahoo. The burden of proof was on appellant, as the movant for summary judgment, to show that no genuine issue of fact existed. In our opinion he did not carry this burden, and it is for a jury to determine whether the overlapped area was conveyed from Fowler to Donahoo as a part of Tract B, or whether it was conveyed as a part of Tract A to appellant's predecessor.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972.

*Ronald L. Davis, Ben Lancaster,* for appellant.

*Al D. Tull,* for appellees.

GUNTER, Justice, dissenting. This appeal is from the denial of appellant's motion for a summary judgment in a dispute over the boundary line between two adjacent tracts of land.

The appellant's lot will be referred to as the Leachman lot and the appellee's lot will be referred to as the Patterson lot.

This dispute arises from eight recorded deeds which are set forth in the record. The first seven of these recorded deeds describe the disputed boundary line between the two lots in identical language. The eighth deed, executed and recorded last, and purporting to be a "corrective deed," describes the disputed boundary line in language different from the other seven.

Three deeds in the record describe and convey the Leachman lot. The first is from Donahoo to Fowler, the second is from Fowler to J. R. Leachman, and the third is from J. R. Leachman to C. C. Leachman. All three of these deeds

describe the now-disputed boundary line in the same language, namely,: "Thence westerly 752.9 feet.; south 45 degrees, 36 minutes, 10 seconds west;".

Four deeds in the record describing and conveying the Patterson lot use the same language in describing the now-disputed boundary line. That language is: "thence 752.9 feet, south 45 degrees, 36 minutes, 10 seconds west;". The first of these deeds was from Donahoo to Fowler, the second was a security deed from Fowler to Donahoo, the third was a quitclaim deed from Fowler to Donahoo, and the fourth was a warranty deed from Donahoo to Patterson, the appellee.

The fifth deed describing and conveying the Patterson lot is the so-called "corrective deed." It is from Donahoo to Patterson and was executed August 5, 1967, and filed for record August 8, 1967. This deed describes the disputed boundary line as follows: "Thence south 55 degrees west along the said Leachman property a distance of 682 feet, more or less, to an iron stake at the intersection of the Canton Highway, State Route 20 and the Old Ponder Mountain Road;".

It is thus seen that this last deed changes the course, changes the distance, and changes the monument at the end of the distance along this course from the way this boundary line was described in the four preceding deeds to the Patterson lot.

It is clear to me that this "corrective deed" was not corrective at all. It completely changed the course, the distance, and the monument of this boundary line of the lot as that boundary line had been described in all preceding deeds.

Prior to the 1967 deed from Donahoo to Patterson the boundary line between the two lots was established as the same by all deeds conveying both lots. The 1967 "corrective deed" purported to change this boundary from what it had been under both chains of title up until that time.

Therefore, prior to the 1967 deed from Donahoo to Patterson, Patterson had no color of title to the now-disputed

area. See *LaRoche v. Falligant,* 130 Ga. 596 (1) (61 SE 465). There can be no issue as to prescriptive title in Patterson to the disputed area. By the "corrective deed" Donahoo attempted to convey to Patterson a portion of the Leachman lot that had theretofore been conveyed by Donahoo to the appellant's predecessor in title.

This record clearly shows that the boundary line between the Leachman lot and the Patterson lot is the line set forth in all deeds except the so-called "corrective deed" of 1967.

I would reverse the judgment, directing that summary judgment be entered below for the appellant.

I respectfully dissent.