## 46737. SMITH v. BLACKSHEAR et al.

EVANS, Judge. Frances Smith ·sued David W. Blackshear individually and doing business as David Blackshear Company, a licensed real estate agency. Defendant had represented her in the sale of certain property in which he took an option to purchase and also a contract to sell. Plaintiff claims damages for fraud and deceit alleging that defendant made a profit on the resale of plaintiff's property; and she also prays for punitive damages and attorney fees. The contentions of plaintiff are that defendant breached a fiduciary relationship in that he had a prospective purchaser for the property at a time when he held an option to purchase; a commission agreement whereby he was to act as agent in the sale of the farm; and a deed to secure debt thereon which was inferior to two earlier loan deeds. She contends that defendant, knowing of her financial difficulties by reason of his fiduciary relationship, failed to disclose the possible sale of the property by him as her agent, and that defendant elected to wait until she was in danger of losing the property, before he exercised the option, and that he purchased said property for a sum considerably less than the

price in the option; and that he thereafter sold said property to the prospective purchaser. Plaintiff amended her petition to sue both Blackshear, as her agent, and Collins, another real estate broker who had represented the prospective purchaser, alleging that Collins had conspired with Blackshear to conceal this information from her, and that the sole intention and purpose of Collins and Blackshear was to deceive plaintiff, resulting in her being unable to protect herself financially, and that she was forced to sell to Blackshear at a reduced amount less than that set forth in the option to purchase.

Both defendants separately moved for summary judgment based upon the pleadings, the depositions of the plaintiff, her husband, her daughter, and defendant Blackshear, and the affidavits of defendants Collins and Blackshear. The plaintiff likewise sought summary judgment based upon the same facts. Plaintiff also responded to defendants' motions for summary judgment and filed an affidavit contesting the affidavit of defendant Collins. The court denied plaintiff's motion for summary judgment but granted the defendants' motions, and thereafter dismissed plaintiff's complaint. The appeal is from that judgment. *Held:*

1. The record in this case is voluminous. The parties admit considerable facts which are involved in the transactions surrounding the purchase and sale of this farm. However, all parties admit that the defendant Blackshear held a deed to secure debt, an option to purchase and an exclusive sale contract, whereby he agreed to sell the property. The plaintiff's financial difficulties are clearly apparent, as well as the admissions of the defendants in regard to a prospective purchaser of the property, and that plaintiff had no knowledge that there was a prospective purchaser; and that the property was thereafter sold to this prospective purchaser after the defendant Blackshear exercised the option and purchased at a reduced figure which was barely sufficient to pay off the indebtedness. The record shows the agent acted in such fashion

as to protect himself which, of course he had the right to do, for the purpose of protection of his investment. A jury hearing the facts and circumstances of this case might have determined that the defendants, knowing they had a possible sale for said property, failed to disclose this information to the plaintiff and thereby conspired to wait until such time as she was unable to meet her financial obligations, and forced her to sell the property to Blackshear at considerable loss, and thereby reaped the harvest by sale of the property to the prospective purchaser at a later date. Likewise, the jury might have determined that these defendants were free of any fraudulent and deceitful practice in their dealings with the plaintiff, particularly since the defendant Blackshear held a deed to secure a debt, as well as an option to purchase, in addition to his agency contract, whereby he was the plaintiff's fiduciary agent seeking to sell this property and extract her from her financial difficulties.

In the final analysis, the agent became financially. interested in the property by investing his own money therein. He had a right to protect his financial interest. At the same time, his fiduciary relationship required that his principal be made aware of the true situation, and especially as to any prospective purchasers. *Code* §§ 4-204, 4-205; *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261 (6) (52 SE 898); *Stoven v. Atlantic Ice &c. Corp.,* 154 Ga. 228 (1) (113 SE 802); *Ausley v. Cummings,* 145 Ga. 750 (6) (89 SE 1071); *Smith v. Pennington,* 192 Ga. 478, 481 (15 SE2d 727); *Arthur v. Ga. Cotton Co.,* 22 Ga. App. 431 (96 SE 232); *E. Lichtenstein Co. v. Nebraska Consolidated Mills Co.,* 54 Ga. App. 602, 603 (188 SE 559). If the property could be sold for enough money to repay her agent's financial investment, and yield her a profit in addition thereto, she, and not the agent, was entitled to that profit. It is her contention that her agent knew of the prospective purchaser and did not reveal this knowledge to her; that after her equity in the property was lost to her by sale, her agent then sold to

the prospective purchaser which her agent knew about all the time, but of which she had no knowledge. Of course, the agent's contention is that he acted under his right to protect his own financial interest and did not consider that there was a prospective purchaser who was not disclosed to the principal, contending that at the time her equity was sold, there was no valid prospective purchaser in sight. All of the above points up that this is a jury question.

2. As to defendant Collins, there is ample evidence to bind him as a co-conspirator. For even if he owed no fiduciary duty to the plaintiff, as co-conspirator reaping the benefits of the sale, he is liable for the acts of Blackshear, his co-conspirator. See *Woodruff v. Hughes,* 2 Ga. App. 361 (3) (58 SE 551); *Horton v. Johnson,* 192 Ga. 338, 346 (15 SE2d 605); *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91 (52 SE2d 585); *Cook v. Robinson,* 216 Ga. 328, 329 (116 SE2d 742); *Nottingham v. Wrigley,* 221 Ga. 386, 388 (144 SE2d 749).

3. Based upon the authority of *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (4) (126 SE2d 442) and cases cited therein, the moving parties failed to establish as a matter of law that a judgment was demanded in their favor, avoiding the necessity for a jury determination of the issues. Accordingly, the court erred in granting the motions for summary judgment.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 3, 1972—DECIDED MARCH 9, 1972—REHEARING DENIED MARCH 23, 1972—

*Cochran, Camp & Snipes, Donald O. Nelson,* for appellant.

*Watson, Spence, Lowe & Chambless, G. Stuart Watson, Burt, Burt & Rentz, Donald D. Rentz,* for appellees.