47134. EHLERS v. BUTLER.

PANNELL, Judge. 1. "If the fact of suretyship does not appear on the face of the contract, *it may be proved by parol,* either before or after judgment (the creditor not being delayed in his remedy by such collateral issue between the principal and his surety), if before judgment the surety shall give notice to the principal of his intention to make such proof." *Code* § 103-306. "(1) *An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.* (2) When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation. (3) As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the benefit of discharges dependent on his character as such. *In other cases the accommodation character may be shown by oral proof.*

(4) An indorsement which shows that it is not in the chain of title is notice of its accommodation character. (5) *An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."* Ga. UCC Section 109A-3—415. (Emphasis supplied.) See also *Hall v. Capital Bank of Macon,* 71 Ga. 715; *Trammell v. Swift Fertilizer Works,* 121 Ga. 778 (49 SE 739); *O'Quinn v. Carter,* 34 Ga. App. 310 (129 SE 296); *Bowen v. Mobley,* 40 Ga. App. 833 (151 SE 667).

2. Where, as in the present case, an action by the plaintiff-appellee against an executrix-appellant, the plaintiff, as an accommodation to the deceased, signed as maker a negotiable instrument payable to the deceased to be used by the deceased to prevent a suit on a debt owed by the deceased to a third party so that after endorsement by the deceased and the third party, the third party could discount the note to a bank, and plaintiff subsequently signed a renewal note under the same conditions and for the same purpose, and when called upon to do so paid the bank the amount of the note and interest, the complaint, alleging such facts was not subject to a motion to dismiss for failure to state a claim, nor was the evidence in support thereof inadmissible because of the rules set forth in *Long Tobacco Harvesting Co. v. Brannen,* 98 Ga. App. 142 (105 SE2d 390); *Red Line Products Co. v. J. M. High Co.,* 57 Ga. App. 304, 315 (195 SE 296); *Knight v. William Summerlin Co.,* 119 Ga. App. 575, 578 (168 SE2d 179) relied upon by the appellant. The trial judge did not err in overruling the motion to dismiss.

3. Section 36 of the Civil Practice Act (*Code Ann.* § 81A-136 (a) provides in part as follows: "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 15 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed files with the clerk and serves upon the party requesting

the admission either (1) sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time."

Where, on October 15, 1971, plaintiff filed a request for admissions within 15 days and defendant, on October 29, 1971, filed in the office of the clerk of the court his answers and objections to said requests, which answers and objections were not served upon the opposing party, and no request for hearing on the objections by the defendant was made until the case was called for trial on January 11, 1972, there was no error in "overruling the objections" without going into the merits of the objections, for the reason that the failure to serve the opposing party and the failure to request a hearing on the objections prior to the call of the case for trial were sufficient grounds to authorize the trial court to find, as it did, that the defendant had waived the objections.

4. There was no error in admitting in evidence certain exhibits objected to as they were properly identified for admission in evidence by the admissions made by the defendant or by other evidence in the case.

5. Whether or not the provisions of subsection 3 (a) of Section 109A-3—601 of the Ga. UCC providing that the "Liability of all parties is discharged when any party who has himself no right of action or recourse on the instrument (a) reacquires the instrument in his own right," may have been properly charged in the present case, the failure to do so in the absence of a proper request to so charge, and in view of the charge of the court to the effect that plaintiff would have no right of recovery unless he was an accommodation party, will not be held reversible error.

6. Other enumerations of error not herein specifically discussed are either not supported by the record or are clearly without merit.

*Judgment affirmed. Quillian, J., concurs. Hall, P. J., concurs in Divisions 1 and 2 and in the judgment.*
SUBMITTED MAY 3, 1972—DECIDED SEPTEMBER 5, 1972.

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellant.
*Cook, Pleger & Noell, J. Vincent Cook,* for appellee.