49343. POTPOURRI OF MERRICK, INC. v. GAY
GIBSON, INC. et al.

EVANS, Judge.

In 1972, Gay Gibson, Inc. sued Potpourri of Merrick, Inc., in the New York County Supreme Court, for goods allegedly delivered and for which it had not been paid. Defendant denied generally the averments of the complaint.

In March, 1972, Potpourri sustained a disastrous fire at its place of business in New York. Allstate Insurance Company was its insurer. On or about July 12, 1972, Gibson (through Georgia counsel) caused the issuance of an attachment against Potpourri in the Civil Court of Fulton County, Georgia, being Case No. 420133. Webster Homes Inc., a Georgia corporation, was security on the bond in attachment. A summons of garnishment was served upon Allstate Insurance Company as garnishee. On or about September 29, 1972, Gibson caused another attachment to issue in the same court (Case No. 425649) founded upon affidavit and bond of Webster as security. The clerk of said court was named as garnishee. Both plaintiff and defendant are nonresidents of Georgia.

The bond in case No. 420133 was attacked as being insufficient, and after a hearing, the court ordered the bond strengthened no later than October 9, 1972, in default of which the attachment would be dismissed. The bond was not strengthened, and on October 11, 1972, the court dismissed the attachment with prejudice. By letter of plaintiff's local counsel of the same date, Case No. 425649 was dismissed on October 12, 1972.

A general release was executed by Gibson in New York as to Potpourri, dated November 20, 1972, for the consideration of $500; and Potpourri executed a release as to Gibson for $1, dated November 30, 1972. The New

York action ("Index No. 20515") was by stipulation of counsel for both parties, discontinued with prejudice on November 30, 1972. Potpourri's counsel paid Gibson's counsel $500 by check, dated December 5, 1972, for "Potpourri of Merrick No. 225 (Re Gay Gibson vs Potpourri No. 8789)."

Potpourri now sues Gibson (obtaining service under the Long Arm Statute) and its security, Webster, in the Fulton Superior Court for damages — two counts each for $10,000, and a third count for $100,000 general damages, $500,000 punitive damages; and $200,000 as attorney fees, arising out of the issuance of the attachment and summons of garnishment, against Potpourri. The third count, among other things, alleges conspiracy and malicious abuse of process in the seizing of plaintiff's funds without due process of law.

Defendants filed separate answers in which each generally denied the complaint and denied that they were liable to plaintiff for any of the damages sought. Gibson denied that the court had jurisdiction as to it. Both admitted that summons of garnishment was served upon Allstate Insurance Company, as garnishee, as well as the second issuance of attachment, and that various funds of Potpourri were seized thereby. They also filed defenses of no claim stated, improper venue, insufficient service of process, and accord and satisfaction with the full release executed by plaintiff for $1. Webster also answered that its bond was limited to $9,822, and alleged that the bond is now void since it was conditioned upon payment by Gibson of damages which were not paid to Potpourri.

Plaintiff moved to strike Gibson's and Webster's defenses of accord and satisfaction or release which both defendants contended settled the dispute and discharged the bond. Responding to plaintiff's motion to strike, defendants set forth that under Code Ann. § 81A-112 (f), the motion to strike was filed later than the 30 days allowed by law, and was, therefore, untimely.

Plaintiff moved for partial summary judgment on the issue of liability, attaching copies of the pleadings in the civil court attachment cases. Plaintiff's motions were denied, and it appeals. *Held:*

1. Under Code Ann. § 81A-112 (f), the court may, upon motion made by counsel within 30 days after service of the answer, or upon its own initiative, strike immaterial or insufficient defenses. As the motion here was not made within 30 days of service upon plaintiff, the court did not abuse its discretion in refusing to strike these defenses, even if they were legally insufficient. In *Moore v. Hanson,* 224 Ga. 482 (2) (162 SE2d 429), the Supreme Court affirmed the lower court in refusing to allow the filing of responses to request for admissions two weeks late. See also *Ehlers v. Butler,* 127 Ga. App. 9, 10 (192 SE2d 398).

2. A question of fact remains as to whether or not this defense amounts to an accord and satisfaction or release of any and all claims arising out of the dispute settled. "A motion to strike the answer should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense." *Morgan v. White,* 121 Ga. App. 794, 795 (2) (175 SE2d 878).

3. Since questions of fact remain for decision by a jury as to the issues created by the petition and answer, the denial of partial summary judgment as to liability was proper. A substantial controversy exists as to all material facts, even though defendants admit the filing of the attachment suits. They do not admit liability. *Bagley v. Firestone Tire & Rubber Co.,* 104 Ga. App. 736 (123 SE2d 179); *Leachman v. Patterson,* 228 Ga. 798, 800 (187 SE2d 898); *Smith v. Blackshear,* 125 Ga. App. 775 (189 SE2d 99); *Continental Oil Co. v. Sutton,* 126 Ga. App. 78, 81 (189 SE2d 925).

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED MAY 10, 1974 — DECIDED SEPTEMBER 5, 1974.

*Marvin P. Nodvin, Ira S. Zuckerman,* for appellant.
*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Winston H. Morriss,* for appellees.