332 So.2d 703 (1976)
John R. GEHRIG and William Kimmerling, Etc., Appellants,
v.
W.C. RAY, Jr., Appellee.
No. Z-342.
District Court of Appeal of Florida, First District.
June 7, 1976.
*704 Walter L. Robison, Zisser & Robison, and Christopher C. Cloney, Zisser & Robison, Jacksonville, for appellants.
Christian Meffert, Ayres, Cluster, Curry, Meffert & McCall, Ocala, for appellee.
BOYER, Chief Judge.
Appellants, defendants below, appeal from a summary final judgment entered in favor of appellee, the holder and payee of a promissory note. The issue before us is whether the defenses of want of consideration and appellants' alleged status as accommodation makers raise factual questions sufficient to preclude the entry of summary judgment.
The law relating to summary judgment has long since been established and we need not repeat it here. (See Connell v. Sledge, Fla.App.1st 1975, 306 So.2d 194)
Appellee filed a complaint, alleging nonpayment of a promissory note made to his order and executed by appellants. In their answers, appellants raised as an affirmative defense failure of consideration. In support of a motion for summary judgment subsequently filed by him appellee attached his own affidavit which alleged that he had loaned appellants the sum of $30,000 as evidenced by the subject promissory note and that no part thereof had been paid. In opposition to the motion for summary judgment, appellant Gehrig filed his affidavit which admitted the execution of the promissory note but claimed that the $30,000 was not paid to him but was instead transmitted through him to appellee's brother-in-law, further alleging that: "It was understood by all parties that neither I nor William Kimmerling were to receive the monies under the note but we were acting as an accommodation to Mrs. W.C. Ray, Jr. and it was further understood by all parties that neither I nor William Kimmerling would ever be legally liable under the note to Mr. W.C. Ray, Jr. or any other person." After a hearing on the motion, the trial court entered its order, finding that there was no genuine issue of material fact and that appellee was entitled to judgment as a matter of law.
Defending the propriety of the summary judgment appellee urges that evidence of the accommodation agreement, necessarily being oral in nature, may not be considered because of the parol evidence rule. Florida law is to the contrary. Under F.S. 673.415(3), parol evidence is admissible unless one is a holder in due course without notice of the accommodation.[1] The record reveals that appellee is not a holder in due course.
Turning to the question whether appellants are accommodation makers, we must initially determine what an accommodation party is. Under Florida law, "An *705 accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." (F.S. 673.415(1)) The payee of a note may be the accommodated party.[2] It is apparent therefore that the allegations in appellant Gehrig's affidavit were sufficient to raise an issue as to whether appellants were, in fact, accommodation parties.
Having determined that there is at least a ligitimate issue of fact as to whether appellants were accommodation parties, we must ask whether appellants' status as accommodation parties is a valid defense to this action. Normally, appellants would be liable on the promissory note involved herein because the liability of an accommodation party is that of a surety, and an accommodation maker is liable on the instrument as a maker. (4A Fla.Jur. 424, "Bills, Notes, and Other Commercial Paper", Section 340) However, Florida law specifically provides that an accommodation party is not liable to the party accommodated. (F.S. 673.415(5))[3] According to appellant Gehrig's affidavit, appellants were accommodating appellee, rather than appellee's brother-in-law.
Thus, at least two material issues of fact are raised by appellant Gehrig's affidavit which would preclude the entry of summary judgment. First, are appellants accommodation parties? Second, is appellee the accommodated party?
Having determined that summary judgment was improvidently entered we find it unnecessary to discuss appellants' defense of failure of consideration.
Reversed and remanded for further proceedings consistent herewith.
RAWLS and McCORD, JJ., concur.
NOTES
[1] See Giberson v. Moore, 35 Ill. App.2d 175, 182 N.E.2d 767 (3rd Dist. 1962) and Ehlers v. Butler, 127 Ga. App. 9, 192 S.E.2d 398 (1972).
[2] See Giberson v. Moore, supra; Ehlers v. Butler, supra; United Refrigerator Co. v. Applebaum, 410 Pa. 210, 189 A.2d 253 (1963) and T.W. Sommer Co., Inc. v. Modern Door and Lumber Co., 293 Minn. 264, 198 N.W.2d 278 (1972).
[3] Please see authorities cited under Footnote 2 above.