MILLS, Judge.
This is an appeal from a nonfinal order denying a motion to dismiss for lack of jurisdiction. We reverse.
First National Bank of Niceville filed a complaint against Robert E. and Lottie S. McGill (the McGills) and Richard E. Fried-berg (Friedberg). for nonpayment of a promissory note. The McGills, Florida residents, were makers of the note. Fried-berg, a resident of New York, was its guarantor. The McGills were served with a copy of the complaint but Friedberg was not.
The McGills filed a cross-claim against Friedberg seeking indemnification in the event of an adverse judgment. Friedberg, by special appearance, moved to dismiss the cross-claim for lack of jurisdiction. The motion was denied.
Friedberg argues that the trial court erred in ruling that a sufficient factual basis had been established for the exercise of long arm jurisdiction, and that the verified return of service established personal jurisdiction over him. The McGills argue that the pleadings and the attached promissory note, showing Friedberg was the guarantor and the note was payable in Florida, sufficiently alleged a basis for jurisdiction pursuant to Section 48.193(l)(g), Florida Statutes (1985). This is true, they contend, given the legal presumption that a debt is to be paid at the creditor’s place of business. The McGills also assert that service of process was properly made.
The cross-claim by the McGills is not a suit on the promissory note. It is a suit by the makers of the note against the guarantor of the note seeking indemnification by the guarantor in the event the makers are required to pay the note. An examination of the note reveals that Fried-berg is apparently an accommodation endorser or guarantor. If that is the case, he has no liability to the maker unless there is a separate agreement between the parties that the guarantor would indemnify the maker. On the contrary, under the Uniform Commercial Code an accommodated party is liable to the accommodation party if the accommodation party pays the note. Section 673.415(5), Florida Statutes (1985); see Gehrig v. Ray, 332 So.2d 703 (Fla. 1st DCA 1976). Any liability of the guarantor to indemnify the maker, as sought in the cross-claim, must be based on a separate agreement, and that separate agreement would be the instrument sued upon in the cross-claim. It is that separate instrument, not the note, which must provide for performance in Florida in order for the cross-claimant to establish a sufficient factual basis for the exercise of long arm jurisdiction pursuant to Section 48.193(l)(g), Florida Statutes. There being no allegation or evidence of such an agreement and that such agreement, if there is one, is to be performed in Florida, the trial court erred in denying the cross-defendant Friedberg’s motion to dismiss for lack of jurisdiction.
Reversed.
SHIVERS and THOMPSON, JJ., concur.