Strafford, Dec. 3, 1946. } No. 3582.

SADIE PERREAULT *v.* GARDNER S. HALL *& a., Ex'rs.*

---

W. H. *Sleeper* and O. J. *Gregoire* (*Mr. Sleeper* orally), for the plaintiff.

*Cooper, Hall & Grimes* and *Hughes & Burns* (*Mr. Benjamin C. Chester* orally), for the defendants.

JOHNSTON, J. The defendants argue that the plaintiff alleges inconsistent claims in her two counts. It is unnecessary to decide whether such a matter of abatement can be raised by a motion to dismiss. The counts are wrongly designated but may be amended. The first does not describe a tort action and is not a plea of the case. Each is based upon an express promise and accordingly is a count in special assumpsit. They are brought for the same cause of action. A cause of action may be described in different counts that vary in allegations of facts. *Hitchcock* v. *Munger*, 15 N. H. 97, 102. This is true even of counts in contract and tort based on a single cause of action. *Crawford* v. *Parsons*, 63 N. H. 438, 443.

It is not quite clear from the declaration just what were the promises of the plaintiff, if a bilateral contract is established, or the acts to be performed by her, if a unilateral contract is proven. However, no defense on the ground of indefiniteness of consideration can be made

in view of the testator's positive admission in February, 1937, that the plaintiff had complied with his requests. "If, however, the side of the agreement which was originally too vague for enforcement becomes definite by entire or partial performance, the other side of the agreement (or a divisible part thereof, corresponding to the performance received), though originally unenforceable, becomes binding." 1 Williston, Contracts (Rev. *ed.*), *s.* 49, *p.* 139.

Recovery cannot be based on the writing of May 7, 1937, for it recites nothing to be given by the plaintiff in exchange for or in reliance upon the promises of said document. "Accordingly, sonething which has been given before the promise was made and therefore, without reference to it, cannot, properly speaking, be legal consideration." 1 Williston, Contracts (Rev. *ed.*), *s.* 142, *p.* 508. *Wilson* v. *Edmonds*, 24 N. H. 517, 546. If no agreement concerning the subject matter of the declaration in this case that is legally binding upon the parties was reached before May 7, 1937, then the defendants are entitled to a directed verdict. The writing of said date signed by the testator and accepted by the plaintiff is evidence of what the parties may have agreed to earlier either bilaterally or unilaterally. It is not a discharge or release of any earlier agreement since it is incomplete and not a binding contract. 17 C. J. S. 887; *Connell* v. *Company*, 88 N. H. 316.

It is impossible to say without the evidence of the facts whether the allegation "make no statements or claims against him relating to past happenings" is a statement of forbearance that is in and of itself alone sufficient consideration for a contract. No opinion is given concerning this in advance of trial.

The motion to dismiss raises the point whether the contract sued upon is not void because it is in restraint of marriage and so against public policy. All agreements against marriage are not illegal. A contract for personal services that contains a provision in restraint of marriage as incidental thereto is valid if the provision is reasonable. "The modern law regards bargains and conditions in restraint of marriage as only prima facie illegal and will accord them validity if the restraint is shown to be reasonable under the circumstances. For example, reasonable contracts involving the performance of services which are inconsistent with matrimony have been upheld." 6 Williston, Contracts (Rev. *ed.*), *s.* 1741, *p.* 4926. Restatement, Contracts, *s.* 581; 122 A. L. R. 19, 127; *Gleason* v. *Mann*, 312 Mass. 420; *Fletcher* v. *Osborn*, 282 Ill. 143; *King* v. *King*, 63 Ohio St. 363.

The term "reasonable" in the above statements of a valid agree-

ment in restraint of marriage means that the provisions against marriage should be limited to the requirements of the main object of the contract. In the present case the provision that the plaintiff should not marry and so perhaps interrupt or put an end to the service of employment, should be limited to the term of employment, not last for the plaintiff's life. In *Gleason* v. *Mann, supra*, it was held that if the plaintiff's promise meant that she was never to marry unless she married the defendant, it would impose a general restraint upon marriage that would be void, and that under such circumstances she could not recover.

The stipulation of the writing of May 7, 1937, "if Miss Pearault should marry this contract ends one year after of marriage," if it should be found to be a provision of a contract between the parties, is not in restraint of marriage. It contemplates merely the termination of the pension from Mr. Fownes one year after marriage, which ordinarily would provide at least an equivalent support. *Lewis* v. *Johnson*, 212 Mo. App. 19.

The exception of the defendants is overruled.

*Case discharged.*

All concurred.