Earl T. Giberson and M. Louise Giberson, Plaintiffs-Appellants, v. Charles R. Moore, Betty Bowsher Moore and Lena M. Javancie, Defendants. Lena M. Javancie, Defendant-Appellee.

Gen. No. 10,384.

Third District.

May 16, 1962.

Rehearing denied June 15, 1962.

Hebron and O'Connell, of Carlinville, for appellants.

Londrigan and Londrigan, J. H. Weiner, of Springfield, for appellee.

REYNOLDS, J.

This is a suit on a promissory note given to Earl T. Giberson and his wife M. Louise Giberson by Charles R. Moore, Betty Bowsher Moore, wife of Charles R. Moore, and Lena M. Javancie. Judgment by confession in the amount of $9,652.19 was taken, which judgment was afterwards vacated and the defendant Lena M. Javancie allowed to plead. The case has been tried three times, two juries failing to agree on a verdict, and the third trial resulting in a verdict for the defendant Lena M. Javancie. Judgment on the verdict was entered and the plaintiff appeals.

The plaintiff and Charles R. Moore were in business together, operating a grocery in Virden, Illinois. Plaintiff owned three-fourths interest in the stock and fixtures and Moore a one-fourth interest. Plaintiff wished to retire and negotiated with Moore to sell Moore plaintiff's interest in store and fixtures for

$11,900. Moore had no money to buy the store, and tried to borrow from two banks but was unsuccessful. He then went to defendant Lena Javancie and asked her to loan him the money which she refused to do. A day or so later, plaintiff and Moore went to the home of Mrs. Javancie and after some discussion she signed a note to plaintiff for $11,900 with Moore and his wife Betty Bowsher Moore. For some reason Mrs. Javancie also signed a combination bill of sale and lease, although the document was a bill of sale from Giberson and his wife to Moore for the stock and fixtures, and a lease from them to Moore of the building. Mrs. Giberson did not sign. Moore failed in business and the plaintiff brought suit on the note.

Certain facts are not in dispute. It is not disputed that Moore and his wife and Mrs. Javancie signed the note. It is not disputed that Moore bought the stock and fixtures of the grocery and failed and that there was due on said note $9,652.19 when the judgment by confession was taken. The dispute is the circumstances under which Mrs. Javancie signed the note. The court admitted evidence by Mrs. Javancie, her daughter Billie and Charles R. Moore that Mr. Giberson told Mrs. Javancie at her home immediately prior to and at the time of the signing of the note by her, that it was because she was a property owner that he wanted her to sign the note; that she would never be liable on the note and would never have to pay anything; that Mrs. Javancie still refused to sign the note and that Mr. Giberson repeated the statement that if Moore didn't pay, Mrs. Javancie would not be liable to pay anything; that Mrs. Javancie read the note and the bill of sale-lease agreement and finally after about 45 minutes of conversation between her and Mr. Giberson agreed to and did sign the note and the bill of sale-lease agreement.

The plaintiff contends on the appeal that defendant Lena M. Javancie should not have been per-

mitted to plead and offer parol testimony to substantiate her first affirmative defense that her signature on the note was obtained by false and fraudulent misrepresentations on the part of the plaintiff Earl T. Giberson; that she was not making herself liable in signing the note, and that she would never have to pay anything on the note. In support of this position, plaintiff takes the position that the consideration was the sale of the stock and fixtures of the grocery to Moore, although there is no evidence that the defendant Javancie received anything at the time of the signing of the note, had any interest in the grocery at any time, had any control over the business or in any way profited from the transaction. It is true that many cases have laid down the rule that parol testimony is inadmissible to vary the terms of a written instrument. Tegtmeyer v. Nordlund, 259 Ill App 247; Dairyman's State Bank v. Dunham, 271 Ill App 249; Handley v. Drum et al. 237 Ill App 587; Chandler v. Chandler, 326 Ill App 670, 63 NE2d 272; Weinstein v. Sprintz, 234 Ill App 492. That rule is not absolute, and it has been held that while a promissory note absolute on its face creates, in itself, a presumption that a debt is owing from the maker to the payee, this presumption is rebuttable. Steiner v. Rig-A-Jig Toy Co. 10 Ill App2d 410, 135 NE2d 166. The evidence to rebut this presumption must be of a very clear and cogent nature, particularly when it is parol evidence. In the case of Straus v. Citizens' State Bank of Elmhurst, 254 Ill 185, 98 NE 245, a note executed by the maker to the bank without consideration and executed and received upon an agreement that the maker should never be called upon to pay the note, was held invalid and unenforceable. In the case of Litchfield Nat. Bank v. McBride, 289 Ill App 420, 7 NE2d 348, evidence was admitted to show that the note was executed to enable the bank to re-open. The plaintiff

178

argued the defendant was estopped to deny considera-
tion. In that case the defendant was told he would
never be called upon to pay the note. The court held
there was no consideration for the note. A similar case
was the case of First Nat. Bank of Morris v. Steph-
en, 291 Ill App 373, 9 NE2d 653. In that case the
court held that the bank, having procured the note up-
on its own solicitation would be estopped from assert-
ing any rights thereunder.

 The plaintiff contends that here there was
a consideration and that the rule of inadmissibility
applies. The Statute has defined "valuable considera-
tion" in the following language: "Value is any con-
sideration sufficient to support a simple contract"
and "An antecedent or preexisting claim, whether
for money or not, constitutes value where an instru-
ment is taken either in satisfaction therefor or as
security therefor and is deemed such, whether the
instrument is payable on demand or at a future time."
Chapter 98, Section 45, Illinois Revised Statutes (1955).
The dictionary defines "consideration" as follows:—
"*Law,* that which is regarded as the equivalent or
return given or suffered by one for the act or promise
of another." A note absolute on its face is deemed
prima facie to have been issued for a valuable con-
sideration and every person whose signature appears
thereon to have become a party thereto for value.
Chapter 98, Section 44, Illinois Revised Statutes
(1955). However, if the signature of any person to
that note is obtained by fraud or misrepresentation
on the part of the payee, that can be shown by com-
petent evidence. And, if the note was signed by a
party as an accommodation for the payee, as contend-
ed by the defendant Javancie in her fourth affirma-
tive defense, that also can be shown by parol
evidence. Here, the plaintiff contends that the consider-
ation was the sale of the stock and fixtures by the

179

plaintiff to Moore and that the defendant Javancie is bound. We see no merit in this contention. Certainly, Moore is bound but we fail to see the consideration to the defendant Javancie, in the light of the testimony. It is true that the plaintiff denies making any statements to defendant Javancie that she would not be liable and would never be required to pay, even though Moore did not pay the note. The truth of this matter is a factual matter that was decided by the jury. Without attempting to weigh the evidence, when we consider the testimony as a whole it is difficult to say the jury was wrong. Here, defendant Javancie was not bound by ties of kinship or friendship to Moore or his family. As is usual in small communities, Mrs. Javancie knew Moore and his family but they were not intimate friends. She did know Giberson and trusted him, having worked for him at one time. She had refused to loan Moore money. Giberson with Moore went to her home. According to the testimony of three witnesses, she refused at first to sign the note, and after about 45 minutes of discussion, and the assurance that she would not be required to pay did sign the note. She received nothing from the transaction, she was not involved in any way in the operation of the business thereafter, had no control of the business, and only made inquiry about the matter after being told by Giberson that he was going to close the store, and after she had been told she was being sued or would be sued. Viewing the whole matter in the light of these facts, on the probability of what actually happened, her version, which is supported by the testimony of her daughter and Moore, is the more reasonable. If there was a misrepresentation, if there was fraud, if there was no consideration, if the note was signed as an accommodation for the payee on the promise that defendant Javancie would never be called upon or forced to

pay the note, even though Moore failed to pay, all these matters or any of them go to the requirements for a valid and legal obligation, and although prima facie the note is presumed a legal obligation, parol testimony is admissible to rebut the presumption. It is true that parol testimony to rebut should be clear and cogent. The jury has decided that the testimony on behalf of defendant Javancie was sufficient to so rebut. This court has no right to interpose its judgment for that of the jury.

Judgment affirmed.

ROETH, P. J. and CARROLL, J., concur.