LAWRENCE GUSTAFSON, Plaintiff-Appellee, *v.* JONAS THEODORE LINDQUIST, Defendant-Appellant.

First District (5th Division)    No. 62802

Opinion filed June 25, 1976.

Allan R. Fierce, of Evanston, for appellant.

Sidney Sherman, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

It is contended by defendant in this appeal that a judgment entered against him on a promissory note, after a bench trial, was against the manifest weight of the evidence in that a portion of the note sued upon was not supported by consideration. Three promissory notes are involved, and it appears from the record that plaintiff, an employee in a small machine shop owned by defendant and another person, loaned $1,000 to defendant to enable him to purchase his partner's share of the business. In return, defendant gave plaintiff the first note for $1,000 at 6% interest. There are certain basic differences in the contentions of the parties with respect to the note. Plaintiff contends that it was executed in 1953 and that no interest was paid prior to July 1, 1958, when defendant took the note back and gave plaintiff a second note for $1,750 payable on July 1, 1959, with interest at 6%. Defendant claims that the first note was executed in 1955 and that all interest was paid up until July 1, 1958. Accordingly, the testimony of the parties differed as to the reason for the $750 increase in the second note. According to defendant, the annual interest having been paid, the difference of $750 was a reward to plaintiff because he had been a good employee. Plaintiff, however, testified that no interest had been paid on the first note, which had been "repaid" by the issuance of the second note of $1,750. Thus, he contends part of the $750 increase was for interest and the remainder constituted a bonus.

On its due date, July 1, 1959, the second note was taken back by defendant, and the third note was given to plaintiff in the amount of $2,410 at 6% annual interest. Both parties agree that a portion of the $660 increase in the third note over the second was a bonus payment. They dispute, however, whether there was consideration for the bonus. Defendant says it was a gift to plaintiff for being a good employee; plaintiff claims it was payment of a bonus promised him in December 1958 if he continued to work the night shift until July 1, 1959. He admitted that no specific figure had been agreed upon when the promise of a bonus was made and that the amount would depend upon business conditions. He continued on the night shift until July 1, 1959, and on that date was given the third note.

From 1959 through 1974, defendant made principal and interest payments totaling $3,160 on the third note. He contends that this amount satisfied the original debt of $1,000, the interest payments on the first $1,000 debt, and included the bonus amounts he had provided for in the second and third notes. Plaintiff, claiming that there was an outstanding balance of $1,648.31[1] on the $2,410 note, instituted this action and recovered judgment in the amount of $1,813.31[2] and costs.

---

[1] Resulting from the compounding of interest, which he testified had not been paid on the notes.

[2] The claimed balance of $1,648.31 plus $165 in attorney's fees.

OPINION

■■ The issue presented for review is whether there was consideration for the increases in the second note over the first and in the third note over the second. In entering judgment in favor of plaintiff, the trial court implicitly found adequate consideration for these increases. Our standard for review is, therefore, to determine whether this finding was against the manifest weight of the evidence. *Walden v. Bourn*, 10 Ill. App. 3d 289, 296 N.E.2d 92; *Chambers v. Shayne & Co.*, 32 Ill. App. 2d 16, 176 N.E.2d 645.

■■ Defendant contends that these increases were without consideration, inasmuch as they were intended as gifts. Any such portion of the promissory notes would be unenforceable by plaintiff, because they would be merely a promise to make a gift in the future. *(In re Estate of Ruebush*, 53 Ill. App. 2d 54, 62, 202 N.E.2d 344; Annot., 161 A.L.R. 1372 (1946); see also Ill. Rev. Stat. 1975, ch. 26, par. 3—408.) However, the law provides a presumption that consideration was given for a valid negotiable instrument *(Giberson v. Moore*, 35 Ill. App. 2d 175, 182 N.E.2d 767), and because question is raised as to the validity of the notes here, it was thus defendant's burden to overcome the presumption that consideration was given for them. To this end, he testified that the original note was made in 1955 and that he had paid all interest due. Plaintiff countered by testifying that the note was made in 1953 and that no interest had been paid. The original note was not introduced at trial nor was any other evidence offered as to its date nor any evidence in support of defendant's testimony that the interest had been paid. In view thereof, we believe a simple question of credibility was presented and we cannot say that the court's implicit determination that the note was made in 1953 and that no interest was paid was against the manifest weight of the evidence.

■■■ Consulting the interest tables, in the record by stipulation of the parties, it is indicated that when the second note of $1,750 was issued, defendant owed plaintiff $1,338.23 in principal and interest on the original $1,000 loan, assuming it was made in 1953. Thus, as to the second note, we must determine whether there was adequate consideration for the difference of $411.77 which defendant claims was a gift and therefore without consideration. Plaintiff contends on appeal that this amount was in consideration of his forbearance from enforcing collection of the first note. While forbearance may provide consideration for a negotiable instrument *(Pirie v. Carroll*, 28 Ill. App. 2d 181, 171 N.E.2d 99), we note that the only evidence offered by plaintiff at trial on this point was his testimony that the second note "repaid" the first. We do not think that it can be implied from this bare assertion that forbearance was the basis for the new note. Thus, we believe the testimony of defendant to the effect

that the difference in the amounts of the two notes was a gift was sufficient to overcome the presumption of consideration. We conclude therefore that this difference of $411.77 should not have been included in the determination of the award to plaintiff.

As to the $2,410 third note, both parties agree that the $660 increase over the second note was attributable to interest due plus a bonus. They dispute the amount of the interest, however. Defendant contends that he owed only one year's interest of $60[3] on the original $1,000 note and that the remaining $600 was a bonus which he claims was a gift. Plaintiff's position is that interest of $105[4] was owed on the second note and that the remaining $555 was the bonus amount.

■■  By its own terms, the $1,750 note calls for payment of 6% interest per annum, and we feel that this fact when taken with plaintiff's testimony that interest was to be paid on the full amount of that note, was sufficient to justify the finding of the trial court that the interest was to be computed on the face value of the second note rather than on the amount of the first note. Although defendant testified that he informed plaintiff that when he gave him the second note that interest would be paid only on the amount of the first note, an objection was sustained to that conversation, and thus we will assume the court did not consider this testimony. We note that no other evidence was offered on that point. Accordingly, we conclude that the trial court's implicit determination that interest was due on the full amount of the second note was not against the manifest weight of the evidence.

■■  As we have stated above, both parties are in agreement that the amount, excluding interest, by which the third note exceeded the second, constituted a bonus. Plaintiff testified that this bonus was promised if he would continue to work on the night shift. Defendant denies making this promise and insists that the bonus was a reward or gift to plaintiff because he was a good employee. In support of this position, defendant calls our attention to plaintiff's testimony that the amount of the bonus was to depend upon future business conditions and upon defendant's generosity. He argues that no enforceable contract could have arisen out of such an agreement because the terms were too indefinite and lacking in mutuality to be enforceable, citing *Krause v. Royal Metal Mfg. Co.*, 162 Ill. App. 458. While *Krause* did hold that an alleged contract to pay a bonus was too indefinite and lacking in mutuality to be enforceable, we believe the case is distinguishable in that no bonus was ever paid Krause and thus the amount was never finally determined. Here, on the contrary, defendant

---

[3] The second note was given on July 1, 1958, and on its due date one year later the third note was issued. Defendant claims he was to pay interest on the original $1,000 debt, although the second note was for $1,750.

[4] Plaintiff claims interest was to be paid on the face amount of the second note.

eventually fixed the terms of the bonus when he gave the third note. It is a basic principle of contract law that an indefinite promise, otherwise unenforceable, may become enforceable when the intended performance is subsequently specified. (1 Corbin on Contracts §101 (1963); 1 Williston on Contracts §49 (3d ed. 1957); Calamarie, Law of Contracts §23 (1970).) This principle is illustrated in the case of *Perreault v. Hall* (1946), 94 N.H. 191, 49 A.2d 812, where defendant promised to pay plaintiff a pension of "well and enough" but subsequently modified this promise upon her retirement to $20 per week for life. When she sued to enforce that promise, the court held it to be enforceable because the original indefiniteness of terms had been cured by the subsequent indication of intended performance; *i.e.,* the promise to pay $20 weekly. Similarly, in the instant case, the original indefiniteness of the terms of the bonus was cured when defendant fixed the amount of the bonus by issuing a promissory note to plaintiff. See also *Widmer v. Widmer* (1954), 176 Pa. Super. 264, 106 A. 2d 875.

We recognize that our ruling on this point appears to be one of first impression in this State. We feel, however, that the infirmities of a unilateral bonus contract for an unspecified amount may be cured by the giving of a promissory note and do not necessarily require the payment of some amount, however nominal, as defendant suggests.

■■ We also find no merit in defendant's argument that there was no consideration for the bonus in the third note, because plaintiff had been fully paid for working the night shift and was not entitled to receive additional compensation for that work. A bonus promised to induce an employee to continue his employment is supported by adequate consideration if the employee is not already bound by contract to continue. (1A Corbin on Contracts §192 (1963).) Here, plaintiff testified that defendant promised him a bonus if he would continue to work the night shift. As there was no evidence that plaintiff was obligated by contract to remain in defendant's employ or to continue on the night shift, it appears to us that it was not against the manifest weight of the evidence for the trial court to have found consideration in the fact that plaintiff continued in defendant's employ on the night shift.

■■ Defendant finally contends that even if there was an enforceable bonus agreement, no evidence was presented indicating that the excess of the third note over the principal and interest of the second constituted performance of such an agreement by him. In this regard, we note that the presumption of consideration for a negotiable instrument is rebutted only by evidence of a very clear and cogent nature. *(First National Bank v. Achilli,* 14 Ill. App. 3d 1, 301 N.E.2d 739.) It was defendant's testimony that he intended the excess to be a gift, which he argues was unrelated to any alleged promise to pay a bonus; however, as we have stated

heretofore, plaintiff testified the note included the payment of the bonus agreement. Thus, a question of credibility was involved, and we cannot say from our review of the record that defendant satisfied his burden of clearly showing that no consideration was given for the portion of the third note represented by the bonus payment. Furthermore, whether the payment of the excess was pursuant to a previous agreement or was a mere gift was a disputed question of fact. (See *American National Bank v. Woolard,* 342 Ill. 148, 156-57, 173 N.E. 787.) We do not believe that the implicit finding of the court that the bonus was pursuant to a previous agreement was against the manifest weight of the evidence.

For the reasons stated, we find that there was adequate consideration to support the third promissory note (the note sued upon here) but, having found that there was no consideration for the $411.77 bonus in the second note, which amount was included in the third note, the judgment should be reduced by that amount plus interest accrued thereon. Accordingly, we reverse and remand this cause for the entry of judgment to reflect this reduction.

Reversed and remanded with directions.

LORENZ, P. J., and DRUCKER, J., concur.