ALDEN STOLZENBACH, Plaintiff-Appellee, *v.* NICK PAGORIA, Defendant-Appellant.

First District (5th Division)   No. 78-809

Opinion filed May 4, 1979.

Harry B. Bainbridge, of Chicago Heights, and Dario A. Garibaldi, of Flossmoor, for appellant.

Piacenti, Cifelli & Sims, of Chicago Heights (Robert F. Chudada, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Nick Pagoria, appeals from a judgment entered in favor of plaintiff, Allen Stolzenbach, the payee of a promissory note signed by defendant. On appeal defendant contends that: (1) the trial court's finding that the note was supported by consideration was contrary to the pleadings and the proof; and (2) the note is unenforceable because defendant was coerced into signing it. We affirm.

Plaintiff confessed judgment on a promissory note signed by defendant individually and doing business as L. J. Wellenhofer Transfer Company (Wellenhofer). Plaintiff initiated confirmation proceedings and an ex parte judgment in the amount of $6453.18, which included the face value of the note, interest and attorney's fees, was entered against defendant. Defendant's motion to vacate the ex parte judgment was sustained and the matter was set for trial.

Defendant's amended answer denied the allegations of plaintiff's complaint and alleged as an affirmative defense that defendant was an employee of L. J. Wellenhofer Transfer Co. and was not doing business under that name and asked that "Nick Pagoria d/b/a L. J. Wellenhofer Transit Co." be stricken as a party defendant. A second affirmative defense alleged that the note was made without good and valuable consideration in that defendant signed it under duress. Plaintiff filed a reply to defendant's affirmative defenses, demanding strict proof as to defendant's position at Wellenhofer and denying defendant's claim of no consideration. Plaintiff further alleged that the note was executed as payment for an antecedent debt.

Plaintiff testified that he was employed as a truck driver by Wellenhofer and that he received his orders from defendant. While working for Wellenhofer, plaintiff was involved in a collision with an automobile, resulting in a lawsuit against him. On several occasions while

the suit was pending, defendant had told plaintiff that Wellenhofer's insurance company was taking care of the matter. Plaintiff had given all notices regarding the claim to defendant, who told him they were being forwarded to the insurance company and it would be unnecessary for plaintiff to appear in court. Plaintiff further testified that he had no knowledge that a judgment had been entered against him in that case until $5125.40 was garnished from his bank account to satisfy the judgment.

On June 28, 1977, plaintiff met with defendant at the Wellenhofer offices. Two union officials were also present. Plaintiff told defendant that he could not work for Wellenhofer any longer unless the company repaid the money that had been taken from plaintiff's bank account. Defendant replied that he did not have the money available at that time but was willing to execute any document, including a promissory note, if plaintiff would continue to work. Plaintiff agreed not to quit and went to his lawyer's office to have the note prepared. Plaintiff testified that he returned with the note about two hours later, and only he and defendant were present as defendant signed the note. Plaintiff then returned to work and continued to work for Wellenhofer for some time after the note was executed. He testified that his repeated demands for payment after the note became due were met by defendant's saying that he needed a little more time to get the money.

Defendant testified under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60) that he was employed as the secretary of the Wellenhofer corporation and that he owned 75% of the outstanding stock, the balance being owned by his cousin. Wellenhofer's method of operation at the time the note was signed was such that union approval was necessary for the drivers to work. Defendant stated that the company now obtains drivers through a brokerage operation, thus making it possible for him to challenge the note now.

Defendant then testified on his own behalf that the union officials were present at the meeting at plaintiff's request. He admitted executing the note and testified that plaintiff had not paid him any money in return for signing the note. Plaintiff was called as a witness under section 60, and again related the circumstances of the meeting and the signing of the note, adding that after the note was signed he gave the original to his attorney and returned to work. He also testified that he gave defendant no money in return for his executing the note.

The trial court found that the union officials were not called to testify, that defendant signed the note freely and voluntarily, and that the note was supported by consideration on plaintiff's part in that he continued to work for Wellenhofer in return for defendant signing the note. The court then entered judgment for plaintiff in the amount of $6453.18. Upon denial of his motion for a new trial, defendant brought this appeal.

Opinion

Defendant first contends that the finding that there was consideration for the note is contrary to both the pleadings and the proof, maintaining that plaintiff did not allege any consideration for the note, that the allegation of an antecedent debt negated any implication of consideration and that no evidence supported the trial court's finding of consideration.

■■ ■ In an action on a validly executed negotiable instrument, consideration is presumed. (*Gustafson v. Lindquist* (1976), 40 Ill. App. 3d 152, 351 N.E.2d 280; *Giberson v. Moore* (3d Dist. 1962), 35 Ill. App. 2d 175, 182 N.E.2d 767.) Plaintiff attached a copy of the executed note to his complaint and it was thus unnecessary for him to otherwise plead consideration. Moreover, the statement "for value received" in the note has long been recognized as a sufficient allegation of consideration. See, e.g., *Hill v. Todd* (1862), 29 Ill. 101; *Hoyt v. Jaffray* (1862), 29 Ill. 104.

■■ The question of consideration was placed in issue when defendant raised the lack of consideration as an affirmative defense. Defendant argues that plaintiff abandoned the consideration issue when he did not reallege consideration in his reply and alleged instead the existence of an antecedent debt. Defendant's contention is without merit. Plaintiff specifically denied defendant's allegation. Furthermore, the antecedent debt was a further allegation which presented an alternative theory of recovery, based on section 3—408 of the Uniform Commercial Code, which states that no consideration is necessary where an instrument is given in payment of an antecedent debt. (Ill. Rev. Stat. 1975, ch. 26, par. 3—408.) A party has a right to pursue all possible theories of recovery, and the existence of inconsistent theories does not act to prejudice a good claim. Ill. Rev. Stat. 1975, ch. 110, par. 43.

■■■ We find no basis for defendant's claim that the trial court's findings were not supported by the evidence. It is undisputed that plaintiff promised to return to work in return for the execution of the note. It is also undisputed that plaintiff performed as he had promised and defendant concedes that he benefited from plaintiff's promise and performance. Such action on the part of plaintiff constituted consideration for the note, which has been defined as "some right, interest, profit or benefit accruing to one party, or some forebearance, detriment, loss or responsibility given, suffered or undertaken by the other." *Lipkin v. Koren* (1946), 392 Ill. 400, 406, 64 N.E.2d 890, 893. See also *Riddle v. La Salle National Bank* (1962), 34 Ill. App. 2d 116, 180 N.E.2d 719.

■■ Contrary to defendant's contention, the mere pleading of lack of consideration did not overcome the presumption of a valid consideration, for that can only be done by offering evidence in support of that allegation. (*Gustafson v. Lindquist; First National Bank v. Achilli* (2d Dist. 1973), 14 Ill. App. 3d 1, 301 N.E.2d 739.) This defendant did not do, and

we therefore conclude that the trial court's finding of consideration was supported both by the pleadings and the proof.

Defendant next contends that, even if there is consideration to support the note, the note cannot be enforced because defendant was coerced into signing it. Defendant's sole basis for this claim is found in his motion for new trial and supporting affidavits, in which he states that the union officials had threatened to close down his operations if he did not sign the note and that one of the officials was now available to so testify. Defendant's claim is entirely contradicted by the record. At the trial, defendant testified that plaintiff had requested that the two union officials be present at the meeting with defendant. No testimony of any threats appears on the record and the union officials were not even present when plaintiff returned with the note for defendant to sign. Moreover, the trial court specifically found that defendant did not subpoena the union officials in an attempt to procure their testimony in support of his defense.

*Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615, upon which defendant relies, is distinguishable. In *Gerber*, the maker of a note brought an action to declare it unenforceable, alleging duress and lack of consideration. On appeal, the court held that the plaintiff had sufficiently alleged both want of consideration and economic duress and remanded the case for a trial on its merits. In the instant case, defendant was afforded the opportunity to pursue his claims of lack of consideration and coercion in a full trial. Defendant, however, presented no evidence in support of his allegations and there is no evidence of record which would support a judgment in his favor.

Finally, we note that defendant also served notice of appeal from an order assessing $100 in costs against him. However, defendant did not pursue this issue in his briefs and we therefore consider it to be waived.

For the foregoing reasons, the judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.