2021 IL App (1st) 200278
No. 1-20-0278
Opinion filed March 29, 2021

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | |
|---|---|
| *In re* ESTATE OF MOHAMMAD SAYEED KHAN, a Disabled Person | ) ) ) |
| (Shahjahan Khan, as Guardian of the Estate of Mohammad Sayeed Khan, | ) ) Appeal from the ) Circuit Court of |
| Petitioner and Counterrespondent-Appellee, | ) Cook County. ) |
| v. | ) No. 17 P 8012 ) |
| Habeeba Shariff and Sameena Shariff, | ) Honorable ) Aicha Marie MacCarthy, |
| Respondents and Counterpetitioners-Appellants). | ) Judge, presiding. ) |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Walker and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1     Mohammad Khan (Khan) and his sister Habeeba Shariff (Shariff) bought a commercial building in 1973. Khan and Shariff each owned a 50% beneficial interest in the trust that held title to the property. Khan assigned his beneficial interest to Shariff in 1983, and she assigned it back to him in 1988. Khan now suffers from Alzheimer's disease. His wife, Shahjahan Kahn, the

guardian of his estate and person, claims Shariff and her daughter, Sameena Shariff, tricked Khan into assigning his 50% beneficial interest to them in 2016.

¶ 2    The Shariffs acknowledges they had Khan assign his beneficial interest to them. But, via a counterclaim, they seek a declaration that Khan holds no interest in the property because Shariff's 1988 assignment lacked consideration (counterclaim I). Alternatively, the Shariffs argue that if Khan holds an interest in the property (i) he breached an implied contract by failing to pay consideration for his interest or invest time or money into the property for 30 years (counterclaim VII) and (ii) the trial court should have imposed a resulting trust for Shariff's benefit because she alone has paid all costs associated with the property since 1988 (counterclaim VIII).

¶ 3    The trial court dismissed counterclaim I, without prejudice, finding it was "uncontroverted" that Khan had a one-half beneficial interest before the Shariffs had him convey that interest to them. The court dismissed counterclaims VII and VIII with prejudice, finding the Shariffs presented no facts showing a contract between Khan and Shariff and failed to plead facts establishing a resulting trust. The Shariffs filed a motion to reconsider, which the trial court denied.

¶ 4    The Shariffs contend the trial court erred in (i) finding that Khan's ownership interest was "uncontroverted" and dismissing counterclaim I because whether Khan provided consideration for the 1988 assignment was a disputed question of fact, (ii) finding that they failed to present facts to support a breach of contract claim or a claim for a resulting trust, and (iii) denying their motion to reconsider the dismissal. They ask us to reverse dismissal of counterclaims I, VII, and VIII. In the alternative, they request remand to replead counterclaims VII and VIII, which were dismissed with prejudice.

¶ 5    We hold that the trial court properly dismissed counterclaim I because the 1988 assignment was "for value received" and the Shariffs failed to allege facts to show sufficient consideration

supported the assignment. We also hold that the trial court correctly dismissed counterclaim VII alleging breach of contract because the Shariffs failed to allege facts showing a contract between Khan and Shariff. But, we agree the trial court erred in dismissing counterclaim VII with prejudice and remand to allow them to replead and to permit the trial court to determine if the counterclaim is barred by the statute of limitations, as Khan contends. As to counterclaim VIII, seeking a resulting trust, we affirm because the property was held in an express trust, which precludes a resulting trust. Further, amending counterclaim VIII would not cure the defect.

¶ 6                                    Background

¶ 7      In December 2017, Shahjahan Khan filed a petition to be appointed as the guardian for her husband, Mohammad Khan. A judge granted the petition, supported by reports from physicians who examined Khan and by the court-appointed guardian *ad litem*. In the petition, she asserted Khan had dementia and Alzheimer's disease and lacked "sufficient understanding or capacity to make or communicate responsible decisions." An order appointed Shahjahan Khan as guardian of Khan's estate and person.

¶ 8      Two days after being appointed guardian, Shahjahan Khan filed a petition for citation to recover assets against Khan's sister, Shariff, and Shariff's daughter, Sameena Shariff. Shahjahan Khan alleged that Khan bought the Ashland Avenue property in 1973, placed title in Chicago Title Land Trust Company Trust No. 10-24882-09 and gave Shariff a 50% beneficial interest. She further alleged that in July 2016, when Khan had dementia, the Shariffs went to Khan's house and, in the presence of his daughter, told him he needed to sign a document to put the property into an LLC for tax purposes. She contends Khan could not know what he was signing and the document transferred his 50% beneficial interest to YMS Holding LLC, which the Shariffs solely controlled. The citation raised numerous allegations, including that Khan lacked the capacity to contract,

breach of fiduciary duty, conversion, undue influence, and financial exploitation of an elderly disabled person under section 17-56 of the Criminal Code of 2012 (720 ILCS 5/17-56 (West 2016)). The citation requested the Shariffs show cause why they should not deliver title to the property to Shahjahan Khan and account for all rental income from the property. The citation also sought an order that Khan owned the property.

¶ 9    The Shariffs filed a verified first amended answer, affirmative defenses, and counterclaims. The Shariffs contend Shariff purchased the property in 1973 and Khan loaned her $13,000 toward the down payment in exchange for a 50% beneficial interest in the property. Shariff says she obtained additional loans to pay for the property and paid them off without any contributions from Khan. In March 1983, Shariff paid off the $13,000 loan, and Khan then assigned her his 50% beneficial interest. According to Shariff, at all times, she managed the property with no assistance from Khan, including renting residential and commercial units; collecting rent; performing all maintenance, repairs, and improvements; and paying all taxes, insurance, and other expenses.

¶ 10    In December 1988, Shariff assigned a one-half beneficial interest back to Khan. Shariff claims Khan asked for the assignment because he was in financial trouble and needed to use the property as collateral for a $250,000 loan. Shariff contends she made the assignment for no monetary consideration and Khan told her he would assign the interest back to her after he repaid the loan. Khan later defaulted on the loan. Shariff had to take out a loan on another property to pay the loan back and forestall foreclosure proceedings. Then, in July 2016, Khan signed a document assigning his 50% beneficial interest to the Shariffs' LLC. Shariff contends she asked for the assignment as part of her estate planning and under the mistaken belief that Khan held an interest in the property, which, she contends, he did not because the 1988 assignment was made without monetary consideration.

¶ 11 The Shariffs raised multiple counterclaims, three at issue here. Counterclaim I sought a declaratory judgment that Shariff's 1988 assignment to Khan of a 50% beneficial interest in the land trust is "null and void" for lack of consideration. In the alternative, counterclaim VII asserts that if the 1988 assignment was valid, it gave rise to an implied contract between Khan and Shariff and alleges Khan breached the contract by (i) failing to pay Shariff half of the value of the property when she assigned it to him and (ii) failing to undertake financial or managerial burdens related to the property since 1988. Counterclaim VIII, also argued in the alternative, asserts that if the 1988 contract is valid, a resulting trust should be imposed on Khan's half interest in the property for Shariff's benefit because he should not profit when he invested neither time nor money into the property since 1988.

¶ 12 Shahjahan Khan moved to dismiss the counterclaims under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)). As to counterclaim I, she argued for dismissal under section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)) because a declaratory judgment action cannot seek a declaration of nonliability for past conduct. As to counterclaim VII, she argued for dismissal under section 2-619(a)(5) (735 ILCS 5/2-619(a)(5) (West 2018)) because the statute of limitations for a breach of contract expired. And as to counterclaim VIII, she argued for dismissal under section 2-615 because the Shariffs' verified pleadings failed to show consideration for the 1988 assignment, a necessary element for a resulting trust.

¶ 13 After a hearing, the trial court entered a written order granting Shahjahan Khan's motion to dismiss. The court found "[t]he uncontroverted facts in this case are that Mohammad Khan had a one-half beneficial interest in [the Ashland Avenue property] from 1988 to 2016." In dismissing counterclaim I, the court stated the "Respondent's [sic] conduct of obtaining Mohammad Khan's signature in 2016 shows that they knew that they needed him to sign the one-half interest over to

them." The court determined the allegations in counterclaim I consisted of "mere[ ] denials of the allegations" in the citation to recover assets and dismissed it under section 2-615 of the Code.

¶ 14    The court found counterclaim VII, alleging breach of contract, "sets forth no facts to indicate that there was an oral or written contract with respect to the Ashland [Avenue] property" and dismissed it with prejudice under section 2-619. Finally, the trial court found the Shariffs' counterclaim VIII failed to plead facts "that would result in a determination that a resulting trust was established in 1988" and dismissed it with prejudice under section 2-615.

¶ 15    The Shariffs filed a motion to reconsider, contending the trial court erred in dismissing counterclaim I because Khan's ownership is controverted and disputed questions of fact exist as to whether he paid monetary consideration for the 1988 assignment. The Shariffs further asserted the trial court erred in dismissing counterclaims VII and VIII, with prejudice, for pleading deficiencies and they should have been allowed to amend.

¶ 16    In response, Shahjahan Khan reiterated the arguments she made in her motion to dismiss and raised two new arguments about counterclaim I: (i) Shariff admitted the existence of the 1988 land trust assignments in their pleadings, so the trial court's finding that the assignment was "uncontroverted" was proper, and (ii) land trust assignments do not need to be supported by consideration.

¶ 17    After full briefing and argument, the trial court denied the motion to reconsider and found no just reason for delaying either enforcement or appeal of its ruling under Illinois Supreme Court Rule 304 (eff. Mar. 8. 2016). Shariff timely filed a notice of interlocutory appeal.

¶ 18                                    Analysis

¶ 19                              Standard of Review

- 6 -

¶ 20 Section 2-619.1 combines sections 2-615 and 2-619 of the Code. See 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2018). "A motion to dismiss under section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West [2018])) tests the legal sufficiency of the complaint, whereas a motion to dismiss under section 2-619(a) of the Code (735 ILCS 5/2-619(a) (West [2018])) admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint that defeats the cause of action. [Citations.]" *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). In reviewing a dismissal under sections 2-615 and 2-619, "we accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party." *Dopkeen v. Whitaker*, 399 Ill. App. 3d 682, 684 (2010). Dismissal under either section occurs where a party alleges no set of facts that would entitle him or her to relief. *Id.* We review the judgment on a section 2-619.1 motion *de novo*. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10. We may affirm on any basis in the record, regardless of whether the trial court relied on that basis or whether its reasoning was correct. *Id.*

¶ 21                          1988 Assignment of Beneficial Interest

¶ 22 The Shariffs contend the trial court erred in finding that Khan's ownership interest in the property was not "uncontroverted" and dismissing counterclaim I under section 2-615. They say they raised a disputed question of fact: did Khan provide monetary consideration for the 1988 assignment and have an interest in the property in 2016.

¶ 23 Shahjahan Khan acknowledges that a trial court may not decide a contested factual issue when ruling on a section 2-615 motion. But she contends the Shariffs admitted in their pleadings that Khan had a 50% interest in the land trust, so no contested factual issue exists. We disagree. While the Shariffs acknowledge Khan's name was added to the land trust in 1988, nevertheless,

they do not concede validity, contending that without monetary consideration, the assignment was invalid.

¶ 24    We agree with the trial court's decision to dismiss counterclaim I, despite Shahjahan Khan's incorrect contention that the 1988 assignment did not need to be supported by consideration. See *Robert S. Pinzur, Ltd. v. The Hartford*, 158 Ill. App. 3d 871, 877 (1987) (holding some valuable consideration is necessary to support assignment). A deed, regular on its face, raises the presumption the consideration for the conveyance is that recited in the instrument. This court has held that the recital "For Value Received" suffices to allege consideration. See *Stolzenbach v. Pagoria*, 71 Ill. App. 3d 863, 866 (1979) (statement "for value received" in the note has long been recognized as sufficient allegation of consideration). While the court will look to actual consideration in an equity proceeding where consideration is placed in issue, introduction of the deed into evidence constitutes a *prima facie* showing that the grantor received consideration. If the grantor denies the recited consideration, he or she must prove the falsity of the recital. *Blaise v. Stein*, 75 Ill. App. 3d 793, 797 (1979).

¶ 25    The 1988 assignment of beneficial interest, attached to Shahjahan Kahn's citation to recover assets, states it was made "For Value Received." As the trial court found, the Shariffs' counterclaim denied that the assignment was supported by sufficient consideration but presented no facts supporting that allegation or establishing that a material question of fact about the consideration existed. While we accept all well-pleaded facts in the counterclaim as true and draw all reasonable inferences from those facts in favor of the Shariffs, they failed to allege facts supporting insufficient consideration. See *Dopkeen*, 399 Ill. App. 3d at 684. Thus, the trial court did not err in dismissing counterclaim I. We note that the dismissal of counterclaim I was not with prejudice. The Shariffs may replead.

¶ 26                                   Breach of Implied Contract

¶ 27    The Shariffs contend error in the dismissal of counterclaim VII (breach of an implied contract) because the trial court found the contract was "uncontroverted" and thus, it cannot be found that they failed to sufficiently plead the existence of a contract. We disagree. First, we note that the trial court did not state that a contract between the parties was uncontroverted; rather, it found Khan's ownership interest after the 1988 assignment was "uncontroverted."

¶ 28    To sustain a complaint for breach of contract, a plaintiff must allege (i) a contract existed, (ii) he or she performed his or her obligations under the contract, (iii) the defendant breached the contract, and (iv) the plaintiff suffered damages as a result of the breach. *Talbert v. Home Savings of America, F.A.*, 265 Ill. App. 3d 376, 379 (1994). Turning to the allegations in counterclaim VII, the Shariffs claim the 1988 assignment created an implied contract that Khan would pay Shariff half the value of the property and half of its costs going forward. So, the trial court did not err in dismissing counterclaim VII. As noted, dismissal follows where a party alleges no set of facts entitling them to relief. *Dopkeen*, 399 Ill. App. 3d at 684. The Shariffs alleged no set of facts entitling them to relief for breach of contract. Thus, the trial court did not err in dismissing counterclaim VII.

¶ 29    The Shariffs, alternatively, contend that even if dismissal of counterclaim VII was warranted, dismissal with prejudice was not. We agree.

¶ 30    In determining to allow amendment, the court considers whether (i) the proposed amendment would cure the defective pleading, (ii) the other parties would be prejudiced or surprised, (iii) previous opportunities to amend, and (iv) timeliness. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). We review the dismissal with prejudice for an abuse of discretion. *Crull v. Sriratana*, 388 Ill. App. 3d 1036, 1046 (2009).

¶ 31    In their motion to reconsider, the Shariffs asserted they could plead additional facts to support counterclaim VII, including (i) the parties impliedly agreed in 1988 that Khan would share equally in the expenses for the property, (ii) Khan did not contribute to any mortgage payments, (iii) Habeeba managed the property without help from Khan, and (iv) Khan never paid any expenses, whether for maintenance or improvements, taxes, or insurance. These additional facts *may* cure the defect and permit the Shariffs to allege sufficient facts to entitle to them relief. Moreover, the Shariffs have not yet had an opportunity to amend counterclaim VII, and Khan would not be surprised by the amendment, as the Shariffs raised the possibility in their timely filed motion for reconsideration. Thus, dismissal with prejudice was improper.

¶ 32    But Khan contends that regardless of the claim's sufficiency, the statute of limitations bars the Shariffs' breach of implied contract count. Khan argues that the Shariffs affirmatively pleaded that Khan breached the implied contract by failing to ever make payments on the property thereby establishing that the breach of contract claim accrued in 1988, when the contract was purportedly formed, and the claim is now barred by the statute of limitations. The Shariffs contend, however, that the limitations period on their breach of implied contract counterclaim cannot begin to accrue until the trial court determines whether the contract is valid, which it has yet to do.

¶ 33    Actions on unwritten contracts, expressed or implied, must be commenced within five years after the cause of action accrued. 735 ILCS 5/13-205 (West 2018). The limitations period commences when a party knows or reasonably should know that an injury has occurred and knows or reasonably should know that an injury was wrongfully caused. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 20. Generally, the date that the plaintiff (or counterclaimant) has or should have the requisite knowledge to trigger the limitations period involves a question of fact. *Continental Casualty Co. v. American National Bank & Trust Co. of Chicago*, 329 Ill. App. 3d 686, 701 (2002).

The trial court has yet to address this question of fact. If the Shariffs replead counterclaim VII, the trial court can address whether the statute of limitations bars it.

¶ 34                                    Resulting Trust

¶ 35     The Shariffs contend the trial court erred in dismissing counterclaim VIII because they pleaded sufficient facts showing a resulting trust established in 1988. Alternatively, they contend the trial court should have permitted them to amend the counterclaim.

¶ 36     A resulting trust is an "intent enforcing" trust; it arises by operation of law and the parties' presumed intent. *In re Estate of Wilson*, 81 Ill. 2d 349, 355 (1980). Generally, a resulting trust arises when one person pays the consideration for property taken in the name of another. *Gary-Wheaton Bank v. Meyer*, 130 Ill. App. 3d 87, 91 (1984). The resulting trust is based on the "natural equity" that the one who pays for the property should enjoy it. *Prassa v. Corcoran*, 24 Ill. 2d 288, 291 (1962). A resulting trust arises at the time of the conveyance, and the payor's intention at that time determines whether a resulting trust may be found. *In re Estate of McCormick*, 262 Ill. App. 3d 163, 168 (1994). The party seeking to establish the existence of a resulting trust bears the burden of proving it by clear and convincing evidence. *Zack Co. v. Sims*, 108 Ill. App. 3d 16, 27 (1982).

¶ 37     Where there is an express trust, there can be no resulting trust. *Gary-Wheaton*, 130 Ill. App. 3d at 92 (citing *Baker v. LeMire*, 355 Ill. 626, 631 (1934)). As noted, the property has been held in trust with Khan and Shariff, each holding a 50% beneficial interest from 1988 until the 2016 assignment. Given the express trust, no resulting trust can exist. Thus, the trial court properly dismissed counterclaim VIII with prejudice.

¶ 38     We reject the Shariffs' contention they should be able to amend counterclaim VIII. As noted, in determining to allow amendments, the court considers whether amending would cure the

defect. *Loyola Academy*, 146 Ill. 2d at 273. Because the parties have an express trust, the Shariffs

cannot establish a resulting trust, so amending would cure nothing.

¶ 39    Affirmed in part and reversed in part; cause remanded.

---

**No. 1-20-0278**

---

| | |
|---|---|
| **Cite as:** | *In re Estate of Khan*, 2021 IL App (1st) 200278 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-P-8012; the Hon. Aicha Marie MacCarthy, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Giel Stein, Ashley Coppola, and Maureen J. Moody, of Clark Hill PLC, of Chicago, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Richard Gilbaugh, of Jeffrey Strange and Associates, of Wilmette, for appellee. |

---