2024 IL App (1st) 240215-U

No. 1-24-0215

Order filed December 27, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| KYLE WILLIAMS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CH 7331 |
| | ) | |
| DANIEL BERCE, | ) | Honorable |
| | ) | Celia G. Gamrath, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the circuit court's dismissal of plaintiff's complaint where he failed to state a claim upon which relief could be granted.

¶ 2     Plaintiff Kyle Williams appeals *pro se* from the circuit court's order dismissing plaintiff's breach of fiduciary duty action. 735 ILCS 5/2-619.1 (West 2022). On appeal, plaintiff argues that the court erred in concluding that he had not adequately alleged that defendant owed a fiduciary duty. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On August 10, 2023, plaintiff filed a *pro se* complaint against defendant. His complaint and attachments alleged that, on July 13, 2020, he entered into a retail installment contract to purchase a vehicle from Sutton Ford. He agreed to make 84 monthly payments of $368.43 to Sutton Ford "at the offices of" Americredit Finance Service, Inc. Americredit was later acquired by GM Financial, where defendant was chief executive officer and served on the board of directors.

¶ 5      Plaintiff alleged that the contract created an implied trust, of which he was "grantor and surety." The beneficiary of the trust was "KYLE WILLIAMS," which plaintiff claimed was an "estate" and entity separate from plaintiff represented by all capital letters. Plaintiff had an "equitable right" to the estate and held its "title." On July 9, 2023, he had sent defendant a "Notice of Express Trust, Suretyship, Subrogation, and Interest." The document indicated he was appointing defendant trustee of the trust and tendering defendant a "special deposit." He instructed defendant to "balance the ledger" so "the principal debtor," KYLE WILLIAMS, had no liability or obligation. On July 28, 2023, plaintiff had sent defendant a "Notice of Breach of Trust and Opportunity to Cure." He reiterated that he had appointed defendant as trustee and sent defendant a special deposit, and claimed defendant had breached his fiduciary duties. He instructed defendant to "setoff" the $13,726.40 "pay-off amount."

¶ 6      In his complaint, plaintiff alleged that defendant breached his fiduciary duties by failing to "set off KYLE WILLIAMS's account" and extinguish the estate's obligation. Due to defendant's breach, plaintiff "had to satisfy the obligation of the estate in Federal Reserve Notes," did not have legal title to the vehicle or "easement in the use of [his] credits," and was deprived of his "rights to exoneration and subrogation." He attached to his complaint the retail installment contract, the

letters he sent defendant, and the birth certificate for KYLE WILLIAMS, which he claimed was registered on a different date than his own "nativity."

¶ 7 Plaintiff requested that the court (1) reform the retail installment contract into a trust, (2) order defendant to perform his duty as trustee, (3) enjoin defendant from repossessing the vehicle, (4) require defendant to "make an accounting" of any financial documents he possessed connected to the trust, and (5) appoint a "Master of Chancery to open a stated account between trustees and beneficiaries, hold documents, securities, and other personal property relating to this litigation, and validate the amount owed to the beneficiary." He argued his claim must be adjudicated "under the law of exclusive equity jurisdiction."

¶ 8 On October 31, 2023, counsel for defendant filed an appearance. Plaintiff filed an objection, arguing that defendant's counsel had no interest in the litigation or knowledge of pertinent facts, and it would "be unfair and unjust to allow a third party to answer for [defendant]." The court overruled defendant's objection.

¶ 9 Defendant filed a combined motion to dismiss plaintiff's complaint under sections 2-615 and 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619.1 (West 2022). Defendant argued that plaintiff failed to state a claim for relief as his allegations were conclusory, he failed to allege the elements of any theory of liability, and he failed to explain how a trust was created or defendant became a trustee. Defendant further argued that plaintiff's claim failed as a matter of law because, on its face, the retail installment contract did not create a trust. Defendant noted that plaintiff had filed a similar suit in a Texas federal court against GM Financial's chief financial officer, which had been dismissed. As an exhibit, defendant attached another copy of the retail installment contract which indicated that Sutton Ford had assigned it to Americredit.

¶ 10    In response, plaintiff argued that his copy of the retail installment contract did not show it had been assigned to Americredit. He claimed that, pursuant to the retail installment contract, he had received $368.43 in interest from GM Financial every month, which he wanted defendant to use to set off and prepay the full balance for the vehicle. By failing to do so, defendant had breached his fiduciary duty as trustee.

¶ 11    The circuit court granted defendant's motion to dismiss with prejudice, concluding that plaintiff could not state a cognizable claim against defendant based on the facts alleged. The circuit court stated that, as a matter of law, the assignment of the retail installment contract to GM Financial did not create a trust or fiduciary relationship between plaintiff and defendant. Defendant had not contracted with plaintiff or become a trustee and therefore could not have breached any contract or trust. Plaintiff could not create a trust by simply attaching his birth certificate bearing his name in all capital letters to the retail installment contract. Plaintiff's failure to make payments pursuant to the retail installment contract risked GM Financial, not defendant, repossessing the vehicle. Accordingly, plaintiff failed to state a cause of action upon which relief could be granted. The circuit court noted that it had offered plaintiff the opportunity to amend the complaint before it issued its ruling, but he chose to stand on the complaint. This timely appeal followed. Ill. S. Ct. R 303 (eff. July 1, 2017).

¶ 12                                    II. ANALYSIS

¶ 13    Plaintiff argues that the circuit court erred in concluding that he failed to make payments on the retail installment contract because he tendered defendant a special deposit, in finding he had no contract with defendant, and in adjudicating the case under "administrative (Legislative) jurisdiction" rather than "exclusive equity (Judicial) jurisdiction."

¶ 14    "[A] section 2-615 motion attacks the legal sufficiency of the nonmovant's claim," while "a section 2-619 motion admits the legal sufficiency of the claim but asserts affirmative defenses or other matters that avoid or defeat it." *Brody v. Hoch*, 2024 IL App (1st) 231524, ¶ 15. We review the circuit court's grant of a motion to dismiss *de novo*. *Id.*

¶ 15    A section 2-615 motion "asks whether the facts alleged in the complaint[,] viewed in the light most favorable to the plaintiff, *** are sufficient to state a cause of action upon which relief may be granted." *Moore v. Pendavinji*, 2024 IL App (1st) 231305, ¶ 21. All well-pleaded facts in the complaint and reasonable inferences therefrom must be taken as true. *Id.* However, we "should disregard conclusions of law or fact unsupported by specific factual allegations." *Id.* A section 2-615 motion should be granted only where it is clear that the plaintiff cannot prove facts that would entitle him to recovery. *Id.*

¶ 16    Plaintiff's complaint alleged that the contract he signed to purchase a vehicle created an implied trust for the benefit of KYLE WILLIAMS, that his letters to defendant appointed defendant as trustee, and that defendant had breached his fiduciary duties as trustee. To state a cause of action for a breach of fiduciary duty, the plaintiff must allege (1) the defendant had a fiduciary duty, (2) the defendant breached the duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. *Kagan v. Waldheim Cemetery Co.*, 2016 IL App (1st) 131274, ¶ 31. The plaintiff must support his allegations with facts. *Id.*

¶ 17    When a trust is created, a trustee owes a fiduciary duty to the beneficiaries of a trust and must carry out the trust according to its terms. *Id.* "A trust is a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, *which arises as a result of a manifestation*

*of an intention to create it.*" (Emphasis in original and internal quotation marks omitted.) *Eychaner v. Gross*, 202 Ill. 2d 228, 253 (2002). The elements of creating an express trust are:

"(1) intent of the parties to create a trust, which may be shown by a declaration of trust by the settlor or by circumstances which show that the settlor intended to create a trust; (2) a definite subject matter or trust property; (3) ascertainable beneficiaries; (4) a trustee; (5) specifications of a trust purpose and how the trust is to be performed; and (6) delivery of the trust property to the trustee." *Id.*

Each element must be established to create an express trust, and if any is "not described with certainty, no trust is created." *Id.* at 253-54.

¶ 18    A trust may also be implied rather than express. *Price v. State*, 79 Ill. App. 3d 143, 148 (1979). Implied trusts may be "constructive" or "resulting" trusts. *Id.* at 148 n.2. A constructive trust is imposed by a court as an equitable remedy to redress unjust enrichment when there has been a breach of a fiduciary relationship, fraud, duress, coercion, or mistake. *Jackson v. Callan Publishing, Inc.*, 2021 IL App (1st) 191458, ¶ 203. A resulting trust "arises by operation of law and the parties' presumed intent," generally when one pays consideration for property taken in the name of another. *In re Estate of Khan*, 2021 IL App (1st) 200278, ¶ 36.

¶ 19    However, no well-pleaded facts in plaintiff's complaint allege that a trust existed, let alone that defendant was its trustee and owed any duty to plaintiff. The retail installment contract, to which defendant is not a party, does not indicate any element of an express trust. It does not demonstrate the intention to create a trust, appoint defendant as a trustee, or specify a trust purpose or how a trust is to be performed. See *Eychaner*, 202 Ill. 2d at 253 (providing elements of creating an express trust). Nor could plaintiff's mailings to defendant unilaterally create an express trust

for which defendant was trustee. See *In re Estate of Adames*, 2020 IL App (1st) 190573, ¶ 59 (trustee becomes bound "by accepting the trust" (Internal quotation marks omitted.)).

¶ 20     As to an implied trust, the contract and plaintiff's mailings do not suggest that defendant has been unjustly enriched from a breach of a fiduciary relationship, fraud, duress, coercion, or mistake, or evidence an intent by defendant to become trustee of any resulting trust. See *Jackson*, 2021 IL App (1st) 191458, ¶ 203 (constructive trusts imposed to redress unjust enrichment); *Khan*, 2021 IL App (1st) 200278, ¶ 36 (resulting trust arises from parties' intent).

¶ 21     On appeal, plaintiff's claims to the contrary are conclusory and unsupported by legal authority. He makes no attempt to explain how the *elements* of creating a trust were alleged here, or how defendant's position as GM Financial's chief executive officer somehow made defendant himself a party to the contract when GM Financial acquired Americredit such that defendant assumed or breached a fiduciary duty. Plaintiff's brief is bereft of citations in support of his arguments. Plaintiff has therefore forfeited those arguments. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (arguments must be supported by citations to authority relied on, and points not argued are forfeited); *Graham v. Lakeview Pantry*, 2019 IL App (1st) 182003, ¶ 26 (appellant may not foist burden of argument and research upon the court, and forfeits any argument for which he fails to cite authority). Plaintiff's *pro se* status does not excuse him from complying with our supreme court's rules. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8.

¶ 22     In sum, plaintiff's contentions are insufficient to state a claim that defendant breached a fiduciary duty. The principal allegation is that plaintiff contracted to purchase a vehicle and mailed defendant letters appointing defendant as trustee and instructing defendant to "setoff" the $13,726.40 "pay-off amount" of the contract. Those facts do not support his conclusions that

defendant owed and breached a fiduciary duty and are therefore insufficient to state a claim for breach of fiduciary duty upon which relief could be granted. See *Moore*, 2024 IL App (1st) 231305, ¶ 21 (when reviewing section 2-615 motion, court should disregard conclusions that are unsupported by factual allegations and grant motion where plaintiff cannot prove facts entitling him to recovery); *Kagan*, 2016 IL App (1st) 131274, ¶¶ 33, 37 (affirming dismissal of breach of fiduciary duty claim where plaintiffs' allegations did not tend to prove a duty existed).

¶ 23    Plaintiff argues that the circuit court erred by concluding that he failed to make payments on the retail installment contract. However, plaintiff's payments, or lack thereof, on the retail installment contract are essentially irrelevant to the underlying question here: whether, in his complaint, plaintiff stated a claim for relief that defendant breached a fiduciary duty as trustee, which entails demonstrating the existence of a trust and defendant's role as trustee. See *Moore*, 2024 IL App (1st) 231305, ¶ 21 (question asked by section 2-615 motion is whether facts alleged in complaint suffice to state a claim upon which relief could be granted). As discussed, he did not.

¶ 24    Plaintiff argues defendant "dishonor[ed]" his agreement with plaintiff, and the circuit court erred by concluding that defendant had no contract with plaintiff. But plaintiff's complaint did not allege that defendant had breached a contract with him, only that defendant had breached fiduciary duties as trustee. Any argument on appeal regarding a breach of contract is therefore forfeited. See *Trapani Construction Co. v. Elliot Group, Inc.*, 2016 IL App (1st) 143734, ¶ 55 (party cannot raise new theory of recovery on appeal, and an issue not raised in trial court is forfeited).

¶ 25    Finally, plaintiff argues that the circuit court erred in adjudicating the case under "administrative (Legislative) jurisdiction" rather than "exclusive equity (Judicial) jurisdiction," and in overruling his objection to defendant being represented by counsel. He does not explain or

support these arguments with any authority. They are therefore forfeited. See *Graham*, 2019 IL App (1st) 182003, ¶ 26 (appellant may not foist burden of argument and research upon the court, and forfeits any argument for which he fails to cite authority). Forfeiture aside, the circuit court had subject matter jurisdiction over the action as plaintiff presented a justiciable matter and personal jurisdiction over plaintiff as he filed and litigated his complaint in the circuit court. See *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 35 (circuit court has subject matter jurisdiction over any justiciable matter presented to it); *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 17 ("Personal jurisdiction may be established by *** a party's voluntary submission to the court's jurisdiction.").

¶ 26                                    III. CONCLUSION

¶ 27    The judgment of the circuit court of Cook County is affirmed.

¶ 28    Affirmed.